## CHAMBERLAIN ET AL. v. RAYMOND ET AL.

FINDINGS AGAINST EVIDENCE.—The findings of fact of the trial court will not be disturbed unless the preponderance of evidence is so apparent and marked that the appellate court has no hesitancy in saying that the particular finding under review is against the evidence. The findings in this case examined and held to be contrary to the evidence under this rule.

EVIDENCE IN SURREBUTTAL.—The defendant claiming that a lode called the I X L was located at a particular place, the plaintiff, in rebuttal, offered testimony tending to show that a stake marked "I X L" existed at a point other than the place where the defendant claimed the I X L was located; whereupon defendant offered testimony to show that no such stake stood at the place testified to by plaintiff's witnesses, which was excluded: Held, error; that such testimony was admissible as evidence in surrebuttal.

APPEAL from the third district court. The plaintiffs had judgment; the defendants appealed. The apellants applied for a government title to a mining claim called the I X L. The respondents filed an adverse claim to a portion of the premises under a mining location called the Azure Queen, and thereupon brought this action to determine the title and right of possession of the premises in conflict between them.

The complaint alleges that the plaintiff's own the ground in dispute as part of the Azure Queen mining claim, and sets forth the location May 6, 1870, and subsequent holding of the claim in compliance with the mining laws. It also alleges that the I X L was forfeited and abandoned prior to the location of the Azure Queen.

The answer traverses the material allegations of the complaint, and affirmatively sets up title to the disputed ground, as part of the I X L mining claim, setting forth the location in August, 1864, and subsequent holding of said claim in compliance with the mining laws.

*Bennett & Harkness*, and *W. C. Hall*, for the appellants, argued that the findings were manifestly contrary to the evidence; that this court could not hesitate to so determine upon an examination of the evidence.

The evidence offered by appellants, that no stake marked "I X L" stood at the place testified to by respondents' witnesses, was surrebutting and admissible. The court below

rejected it as immaterial, and yet found a fact for respondents upon rebuttal testimony offered by them, to contradict which this testimony was offered.

The court below having erred in the finding as to the *place of location* of the I X L, further findings were necessary, and a new trial should be ordered: *Foote* v. *Beecher*, 78 N. Y. 155.

*Tilford & Hagan,* and *J. S. Boreman,* for the respondents, argued that the findings of the court below were fully sustained by the evidence.

EMERSON, J.:

This is an appeal from an order refusing a new trial.

The judgment of the court below will have to be reversed and a new trial ordered, on two grounds, viz., the insufficiency of the evidence to support the findings, and the rejection of proper and material evidence offered by the appellants.

The statement on the motion for a new trial and on this appeal contains all the testimony introduced on the trial.

Among the main and important facts controverted was the *place* where the I X L was located, and whether work was done on it, in compliance with the local laws and customs. Various exceptions to the findings of fact and conclusions of law are taken, but they are all based on or are corollaries to the exceptions to the following portion of the fifth finding: "That the I X L was located at a point at least five hundred feet southerly from the point from which it is surveyed; that soon after the location it was abandoned; that from the date of the location no work was done on it as required by mining laws."

The evidence upon this point is too voluminous ·to undertake to give an abstract of it, or to analyze it in detail. It is sufficient to say that the evidence upon the part of the appellants directed to this point is direct and affirmative, and of that positive character, and attended by so many corroborating circumstances, that it carries conviction with it. Among other strong items of proof was the admission of the locators, which there was no attempt to contradict or deny, that the Azure Queen was a relocation of the I X L.

This could not have been the fact if the I X L was located at the point stated in the finding. The point of discovery of the I X L, as claimed by the appellants and as fixed by their testimony, was not to exceed twenty or thirty feet from the discovery of the Azure Queen; in fact, the camp of the Azure Queen works partly covered up and partly obliterated the works at the discovery of the I X L. The rebutting testimony of the respondents, upon which this portion of the finding is based, is weak and inconclusive, and fixed the point of the location of the I X L, not at about five hundred feet from the point from which that claim was surveyed, but from seven hundred to two thousand feet from that point. In fact, there is more testimony, such as it is, that it was two thousand feet away than that it was either five hundred or seven hundred.

In the case of *Harrington et al.* v. *Chambers et al.*, decided at this term, we announced as the settled doctrine of this court " that the findings of the trial court will not be disturbed, unless the preponderance of evidence is so apparent and marked that the appellate court has no hesitancy in declaring that the particular finding under review is against the evidence.

In the case at bar the preponderance is so great and decided that we have not the slightest hesitancy in declaring that this particular finding is against the evidence. It requires no nice weighing and balancing of the testimony to arrive at this conclusion.

On the trial, after the appellants, defendants in the court below, had closed their case, all their testimony tending to show that the place of discovery and location of the I X L in 1864 was near that of the Azure Queen; the respondents called several witnesses who testified that from June, 1870, to April, 1871, they had seen a stake on the right-hand side of the gulch going up with the letters I X L cut in it, the Azure Queen and the claimed point of location of the I X L being upon the opposite side of this gulch. It is a suspicious circumstance that none of the respondents' witnesses had ever seen or heard of the Alwilda location, which must have been at or near the point when this stake is said to have been seen, though some had heard of the Southern, which was a reloca-

tion of the Alwilda. The latter location is proved to have been there until 1871.

The respondents, who were plaintiffs below, in making out their main case, gave no hint that any testimony would be offered, or any attempt made to show that the place of location of the I X L was at any other point than that claimed by the appellants; hence the latter could not have anticipated it in making out their defense. In fact, all the testimony of the respondents in this main case was an attempt to establish as a fact that there was no other work or trace of work within one hundred feet of the Azure Queen. All the testimony in the case which in any way tended to prove that the I X L location was anywhere near the point fixed in the finding was offered by the respondents on their rebuttal. This was entirely new matter, and yet the court by its ruling refused to allow the appellants to disprove it. As claimed by the appellants, it was error to exclude evidence offered by them to show that no stake marked "I X L" stood at the place described by respondents' witnesses. The fact that a stake so marked stood at the point named in 1870 and 1871 was immaterial, unless the inference be made that it was placed there in 1864, by the locators of the I X L, that being the year in which it was actually located. The portion of the fifth finding under discussion makes this inference, and makes it on the sole evidence introduced by the respondents in rebuttal, that a stake stood there in 1870 and 1871, and yet contradicting evidence was excluded as immaterial and not surrebutting.

As stated by counsel in their brief, the only point in the case, under the findings, is the one considered. Finding that the I X L was located five hundred feet southerly of the point claimed, the finding that no work was done, and that the claim was forfeited and abandoned, follow as a matter of course. The court made no findings as to what work, or the value of the work at the point claimed as the I X L, nor were such findings necessary.

As we have determined, however, that there is error in the finding as to the place of location, it becomes necessary to have further findings, and these can only be made by

the trial court, and for that purpose a new trial must be granted.

The judgment of the third district court in refusing a new trial is reversed and a new trial ordered.

TWISS, J., concurred.

HUNTER, C. J., dissented.