R. L. SNOW v. W. R. VANDEVEER.

[FILED JANUARY 12, 1892.]

1. **New Trial**: ORDER OVERRULING MOTION FOR, REVERSED. In an action for the conversion of corn a verdict was returned in favor of the plaintiff. The defendant thereupon filed a motion for a new trial, which soon afterwards was overruled. In consequence of a decision of the supreme court on a similar question the district court, during the same term, reviewed its former ruling on the motion for a new trial and reversed the same, and granted a new trial. *Held*, That this was within the powers of the court, and under the circumstances was not an abuse of discretion.

2. ——: ——: REVIEW. On the second trial no evidence was offered by either party, whereupon the court dismissed the ac-

tion. *Held*, That it was the duty of the plaintiff to offer evidence in support of his case, and that the supreme court would not review the action of the district court in granting a new trial in advance of the second trial.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Sedgwick & Power*, for plaintiff in error.

*E. A. Gilbert, contra,* cited: *Artman v. West Point Mfg. Co.,* 16 Neb., 572; *Conrad v. Runnels,* 23 O. St., 601; *Smith v. Bd. of Education,* 27 O. St., 44; *Sang v. Beers,* 20 Neb., 365; *M. P. R. Co. v. Hays,* 15 Id., 224; *Taylor v. Spaulding,* 32 N. W. Rep. [Minn.], 863; *Gillilan v. Kendall,* 26 Neb., 82; *Sandwich Mfg. Co. v. Shiley,* 15 Id., 109; *Wise v. Frey,* 9 Id., 217; *Brown v. Edgerton,* 14 Id., 453.

MAXWELL, CH. J.

The cause of action was set forth in the petition as follows:

"That on the 29th day of May, 1888, one John Hyland was indebted to one Charles Daniels upon two promissory notes of that date executed by the said Charles Daniels and one Sylvester Evans, one of said notes becoming due the 15th day of August, 1888, and the other the 15th day of November, 1888, and also on that day the said Hyland was the owner of twenty acres of corn in the field on Mrs. Corlan's farm of eighty acres on the north half of the northwest quarter of section 19, township 9, range 1, in York county, Nebraska, being his two-thirds interest in thirty acres of corn in said field. And to secure the payment of said notes on that day the said Hyland, together with the said Evans, executed and delivered to the said Daniels his chattel mortgage, whereby he mortgaged and conveyed the said corn, together with

other property, to the said Daniels, which said mortgage was duly filed in the office of the county clerk of York county, Nebraska, on the —— day of May, 1888, and all of said property so mortgaged and conveyed was not, and is not, of sufficient value to pay the aforesaid promissory notes and interest thereon, and the said Hyland and Evans were, at the time of the commencement of this action, and still are, wholly insolvent and nothing can be collected from them, or either of them. And afterwards, and before the maturity of the said notes, the said Daniels sold and assigned the said notes and the said mortgage to this plaintiff, and this plaintiff is now the owner and holder thereof, and there is due to this plaintiff the sum of $262.75 and interest; and on or about the —— day of November, 1888, the defendant took nine hundred bushels of said corn and converted the same to his own use, to the damage of plaintiff in the sum of $198. Wherefore plaintiff asks judgment against the defendant for the sum of $198 and interest from the —— day of November, 1888, and costs of suit."

The answer is a general denial.

On the trial of the cause the court instructed the jury as follows:

"If you believe from the evidence that the plaintiff Alfred L. Snow gave John Hyland permission to sell the corn in controversy in this case, then you will return a verdict for the defendant.

"Second—Permission to sell mortgaged personal property, given by the mortgagee to the mortgagor, may be given orally and need not be made in writing.

"Third—Unless you find from the evidence that the plaintiff Snow gave permission to said Hyland to sell the corn in controversy, then you will return a verdict for the plaintiff for the value of so much of the corn sold by Hyland to the defendant as the evidence shows was covered by the mortgage introduced in evidence, with seven per

cent interest thereon from December 7, 1888, to April 8, 1889.

The jury returned a verdict in favor of the plaintiff for the sum of $76.51. On the next day a motion for a new trial was filed by the defendant. There was also a supplemental motion, but no date showing when it was filed. The court overruled the motion and rendered judgment on the verdict. Afterwards, during the same term, apparently in consequence of the decision of this court in *Gillilan v. Kendall*, 26 Neb., 82, the district court reversed its ruling on the motion for a new trial and set the verdict aside. On the second trial the plaintiff refused to offer any testimony and the case was dismissed, and this is the error complained of.

It was the duty of the plaintiff, on the second trial, to offer testimony in support of his case. An order granting a new trial is not such a final order as the court will review in advance of the final trial in the case, and no evidence being offered when the case was called for trial the second time, the court did right in dismissing it. There is no error in the record, and the judgment is

AFFIRMED.

POST, J, concurs.

NORVAL, J., took no part in the decision.