## SHORT & RANDALL, APPELLANTS, *v.* PIERCE & CHRISTOFFERSEN, RESPONDENTS.[1]

1. ACTION TO RESCIND CONTRACT. — FALSE REPRESENTATIONS. — EQUITY FAVORS THE VIGILANT.—In an action to cancel and rescind certain contracts and for other and general relief on the ground of false representations made by defendants whereby plaintiffs were induced to enter into certain contracts for the purchase of certain real estate in the belief that the privilege of selling coal for a railroad company, which was also transferred to plaintiffs, would also exist for a definite length of time, where it appear that defendants acted in good faith and

---

[1] Rehearing denied. Appealed to the Supreme Court of the United States March 16, 1895.

that plaintiffs were informed of all their rights before they entered into the contracts and by making inquiry could have found out that the privilege of selling coal was to exist only during the pleasure of the railroad company, they cannot recover.

2. APPEAL.—FINDINGS.—CONFLICT OF EVIDENCE.—Where the evidence is conflicting, a new trial will not be granted on appeal on the ground that the findings are contrary to the evidence unless there is a clear and marked preponderance of evidence against such findings.

(No. 535.   Decided February 3, 1895.   39 P. R. 475.)

APPEAL from the District Court of the Fourth Judicial District.   Hon. James A. Miner, *Judge.*

Action by Short & Randall against Pierce & Christ-offersen to cancel and rescind certain contracts for the purchase of real estate and for other relief.   From a judgment dismissing the action, and from an order denying the motion for a new trial, plaintiffs appeal.   *Affirmed.*

*Messrs. Maloney & Perkins* and *Messrs. Kimball & Gilbert,* for appellants.

" Where, therefore, in a negotiation between two parties, one of them induces the other to contract on the faith of the representations made to him, any one of which has been untrue, the whole contract is considered in this court as having been obtained fraudulently.   Who can say that the untrue statement may not have been precisely that which turned the scale in the mind of the party to whom it was addressed?"   *Reynell* v. *Sprye,* 1 De G. M. & G. 660, 708; Pom. Eq. Jur. Vol. 2, p. 363, note.   The object of plaintiffs in making the purchase was to engage in a permanent business as coal dealers on the premises, and any representation relating to the extent of the agency was material.   *Wells* v. *Millett,* 23 Wis. 64.   It is clear

from all the testimony in the case at bar, that the respond-
ents made false and fraudulent statements and representa-
tions to the appellants, and did so for the express pur-
pose of deceiving them and to consummate the trade. The
well-established rule in such cases is fully set forth by this
court in *DeFrees* v. *Carr*, 8 Utah (S. C. 33 Pac. 217),
488, 491, where it is said: "If a person makes a state-
ment with a view to, and for the purpose of influencing
the action of another, it is no hardship to hold such a
person to their truth. If, upon due inquiry, such state-
ments are found to be false, the party making them will
be liable to the person who was deceived and injured
thereby, and whose action they were intended to influence.
Cooley on Torts (2d ed.), 577, 580; *Drake* v. *Grant*, 36
Hun, 464; *Eaton* v. *Winnie*, 20 Mich. 156. Where one
party to a contract misrepresents a material fact, which
operates as a surprise and an inducement to the other
party, relief will be granted in equity. *Miner* v. *Medbury*,
6 Wis. 295; *Davis* v. *Heard*, 44 Miss. 50; *Smith* v. *Rich-
ards*, 13 Pet. 26; 1 Story Eq. Jur. §§ 191–2. If the re-
spondents knowingly make false assertions, it is a positive
fraud. And even if one misrepresents a material fact by
mistake, relief will be granted; for the assertion of what
he does now know or believe to be true is equally unjusti-
fiable in law, as the assertion of that which is known to
be false. Cooley on Torts (2d ed.), 603; *Perkins* v. *Scott*,
23 Ia. 237; *Smith* v. *Richards, supra; DeFrees* v. *Carr,
supra.* "Testimony which simply identifies the property
which is to pass under a written contract of sale does not
vary or contradict the terms of the contract." *Lonergan*
v. *Buford*, 148 U. S. 581; S. C. 37 L. Ed. 569, 47 Alb.;
L. J. 454, 13 Sup. Ct. 648. "Where there is uncertainty
as to the meaning of an instrument, evidence is admissible
of the circumstances attending its execution; and its un-
certain expressions will be construed by the aid so obtained

according to the intent of the parties." *Browne* v. *Sampson*, 44 Ill. App. 308. "Parol evidence is admissible to show that by contemporaneous parol agreement the words of a written lease were to have a meaning different from their legal meaning." *Cochran* v. *Shenango Nat. Gas. Co.*, 23 Pitts. L. J. N. S. 82. "Evidence of the surrounding facts and circumstances connected with the execution of a conveyance which is uncertain and ambiguous, tending, not to contradict its terms, but to explain its purpose and meaning, is admissible to disclose the intention of the grantor." *McHugh* v. *Gallagher*, 1 Tex. Civ. App. 196; S. C. 20 S. W. R. 1115. "A deed of all the legal and equitable rights and privileges and titles to any and all locations made by the grantor on a certain island, either individually or in connection with others, is ambiguous as to the words "locations," which has no such well defined meaning as to enable the court to construe the deed without evidence; and extrinsic evidence to show what it applies is admissible." *Robinson* v. *Jones*, 22 S. W. R. 15. "False and fraudulent representations as to the subject matter of a contract relied upon by the other party which operated as an inducement thereto, will defeat recovery by the guilty party, even though the fraud was perpetrated prior to the execution of the contract." *Hixon* v. *Carson*, 38 Ia. 338. "Parol evidence is admissible for the purpose of establishing such representations." Id. 338. This case was on a written contract, and cites: 2 Parsons on Con. p. 66, chap. 3, § 12 and notes; 1 Green Ev. § 284; see Id. § 286. "Fraud vitiates all contracts, and may therefore be shown by parol evidence, although its effect will be to vary or contradict a written instrument." *Day* v. *Lown*, 51 Ia. 364; Perry on Trusts, § 226; *Wilcox* v. *University*, 32 Ia. 367. Even if by mistake and innocently a party misrepresents a material fact, upon which another party is induced to act, it is as conclusive a

ground of relief in equity as a willful and false assertion.
*Taylor* v. *Ashton,* 11 Mees. & Wells. 400; *Foster* v. *Charles,*
6 Bing. 396; *Wilcox* v. *University, supra; Lewis* v. *Mc-
Lemore,* 10 Yerg. (Tenn.) 206–209; *Davidson* v. *Weekly,*
3 Yerg. (Tenn.) 196; 1 Story Eq. Jur. § 196; *McKenon*
v. *Tayler,* 3 Cranch (U. S.), 270.

*Mr. John E. Bagley,* for respondents.

"A court of equity will not undertake, any more than
a court of law, to relieve a party from the consequences
of his own inattention and carelessness. Where the means
of knowledge is at hand and equally available to both
parties, and the subject of purchase is alike open to their
inspection, if the purchaser does not avail himself of these
means and opportunities, he will not be heard to say that
he has been deceived by the vendor's representations."
*Slaughter* v. *Gerson,* 80 U. S. 379. Where a contract is
couched in terms that import a complete obligation with
no uncertainty, it will be conclusively presumed to con-
tain the whole agreement. *Dietz* v. *Brewers' Machine Co.,*
141 U. S. 510. Every person is bound to know the law,
both civil and criminal, and no one can complain of the
misrepresentation of another respecting it. 39 Am. Dec.
436. Evidence of the "surrounding circumstances" under
which a written contract is executed, is not admissible to
prove the unexpressed intent of the parties, or their prior
verbal negotiations. Its use is limited to throw light on
the real meaning of that which is written in case of
ambiguity arising upon the face of the instrument. *King*
v. *Merriman,* 35 N. W. R. 570 (Minn). Where a party
negligently signs a written contract, he cannot avoid it by
alleging that it contains provisions that he did not under-
stand or know of at the time of the execution. *McKinney*

3

v. *Herrick,* 23 N. W. R. 767; *McCormick* v. *Molbury,* 43
Ia. 561. In an action against an endorser by his imme-
diate endorsee upon an indorsement of a negotiable prom-
issory note, made in blank, it is not competent to prove
as a defense that, as a part of the transaction, it was
agreed between the parties, but not in writing, that the
endorsement should merely have the legal effect of one
expressed to be without recourse. *Martin* v. *Cole,* 104
U. S. 30. A false representation, to afford ground of
relief against a contract, must relate to the subject-matter
of that contract. So where the sole condition to the sub-
scription to a railroad company is that the road shall be
built to A, a false representation made to a subscriber at
the time, that the company had the means to build the
road to B, and that it would be so built within a year,
was immaterial in an action on the subscription. *Blair*
v. *Buttolph,* 72 Ia. 31; *Noel* v. *Horton,* 50 Ia. 687. Writings
made a part of a contract by reference, will be construed
therewith. Jones on Constr. § 213. Proof of a contempo-
raneous parol agreement is inadmissible to alter or contra-
dict a contract in writing. *Miller* v. *Edgerton,* 38 Kan.
36. A contract in writing that contains no warranty,
parol evidence is not admissible to add warranty. *Dewitt*
v. *Berry,* 134 U. S. 306. "Where the evidence is con-
flicting, an appellate court will not grant a new trial upon
the ground that the findings are contrary to the evidence,
unless the preponderance is so apparent and marked that
the court can have no hesitancy in deciding that the par-
ticular findings under review are against the evidence."
*Harrington* v. *Chambers,* 3 Utah, 94; *Chamberlain* v. *Ray-
mond,* 3 Utah, 117; *Hopkins* v. *Ogden City,* 5 Utah, 390;
*Irrigation Co.* v. *Moyle,* 4 Utah, 327; *Dooly Block* v. *Rapid
Tran. Co.,* 9 Utah, 32; *Hannaman* v. *Karrick,* 9 Utah,
239; *Wells* v. *Wells,* 7 Utah, 68; *Slater* v. *Cragan,* 7 Utah,
412.

MERRITT, C. J.:

This is an action brought by Temple Short and Charles F. Randall, copartners under the firm name of Short & Randall, against John F. Pierce and E. R. Christoffersen, to cancel and rescind certain contracts for the purchase and sale of real estate, made by and between Temple Short and Reuben L. Short and defendants on February 6, 1893, and Temple Short and Charles F. Randall and defendants on May 26, 1893, on the ground of false representations made by the defendants to Temple and Reuben Short and to plaintiffs, inducing and leading up to the purchase of real estate, hereinafter mentioned, by Temple and Reuben Short and plaintiffs. The representations complained of are that defendants, at the time of the contract of sale by them to Temple and Reuben Short, and again at the time of the contract to sell to plaintiffs, falsely represented that they had a coal agency from the Union Pacific Railway Company to sell its coal on the premises contracted to be sold, for a period not expiring until December 31, 1896. The premises contracted to be sold by defendants to Temple Short, and his son Reuben L. Short, and afterwards to plaintiffs, Short & Randall, are described as situated in Weber county, Utah territory, to wit: "A part of the northeast quarter of section 17, township 6 north, of range 1 west of the Salt Lake meridian, beginning at a point 21 69–100 chains south, and 17 and 5–100 chains west, of the northeast corner of said quarter section, and running thence west 4 59–100 chains, thence south 2 50–100 chains, thence east 4 59–100 chains, thence north 2 50–100 chains, to the place of beginning,"—including all improvements thereon, together with wagon and tools that are used and belong to the premises. The said contract of sale further provided that "it is further agreed that the parties of the first part

[Pierce & Co.] are to turn over and assign their railroad lease with the Union Pacific Railway Company to the parties of the second part [Short & Son, afterwards Short & Randall] as soon as the consent of said company can be obtained, and that the parties of the second part are to assume all rights thereunder that have heretofore been had by the parties of the first part."

The plaintiffs allege that the rights theretofore had by the defendants herein were the rights to buy and receive from the said railroad company all the coal that the said Pierce & Co. could use and dispose of at the coal yards and coal bins mentioned in the said lease so assigned. Plaintiffs further allege that they believed and relied upon the representations of the defendants, and purchased this property, and, as they honestly thought, the full right of the coal agency of the railway company, and that the latter was the sole and only inducement for them to agree to pay the sum of $10,000, as stipulated in said contract. It is shown by the evidence that the plaintiff Randall bought out the interest of Reuben L. Short in said property and coal business, and the firm then became Short & Randall; the said firm of Short & Randall assuming all the obligations and rights which had theretofore been assumed and enjoyed by Short & Son. The lease from the railroad company to the defendants provided that the defendants were to have the real estate described in the complaint for four and one-third years from the 1st day of September, 1892, for the site of a coal bin and business connected therewith only, and to pay the railroad company for the use of said property an annual rental of one dollar, and also pay all taxes and assessments during the continuance or the lease; and that, if the party of the second part abandoned the property thereby leased, the party of the first part (the railroad company) might enter upon and take possession thereof, and that a nonuser of the demised

premises for three months should be sufficient and conclusive evidence of abandonment. The contract between the defendants and Short & Son provided that the defendants "do hereby covenant and agree to sell and convey by warranty deed to the party of the second part" the real estate hereinbefore described; and the lease further provided that "the parties of the first part [Pierce & Co.] are to turn over and assign their railroad lease with the Union Pacific Railroad Company to the parties of the second part [Short & Son] as soon as the consent of said company can be obtained, and that the parties of the second part are to assume all rights thereunder that have heretofore been had by the parties of the first part." The assignment of lease from the defendants to Short & Son, under date of February 3, 1893, and also the assignment to Short & Randall, provided that the premises were to be used for a coal shed and business connected therewith only. The representations alleged to have been made by defendants are that they falsely and fraudulently represented to and assured the plaintiff Temple Short, and his son Reuben L. Short, that they (defendants) had the agency from the said railway company to sell coal, and the full and complete right to have the said railway company furnish them at said coal bins all the coal they could use or sell till the 31st day of December, 1896, and that this right was well worth the sum of $5,000. The plaintiffs further allege that the defendants, nor either of them, on the 6th day of February, 1893, nor on the 26th day of May, 1893, being the times at which the contracts were made between the defendants and Short & Son, and between the defendants and Short & Randall, or at any other time, or at all, ever had the agency to sell coal or any agency for the said railroad or any railroad company, and that defendants' statements to the contrary were knowingly false and fraudulent.

The cause was tried in the court below without a jury, and the court found "that on the 6th day of February, 1893, defendants made a written contract with Short & Son to sell them the real estate mentioned in the complaint; that on the 26th day of May, 1893, Randall bought out the interest of R. L. Short, and assumed his obligations and all his rights in the original contract; that plaintiffs in the contract were to assume all the rights thereunder that have heretofore been had by defendants; that Short & Son, and subsequently Short & Randall, entered into the possession of the property so conveyed at the time the contracts were respectively made, and continued so to do without hindrance from defendants; that the consideration therefor was $10,000; that the railroad lease was assigned to plaintiffs; that at the date of the first contract, on February 6, 1893, defendants were engaged in the coal business upon the property, buying and selling coal for the Union Pacific Railway Company, and, although the coal business engaged in by said defendants was not mentioned on said written contract, it was turned over and delivered by defendants to plaintiffs, who took possession of the same, and continued to occupy and enjoy the same, and to conduct the coal business of buying and selling coal for said railway company until September 6, 1893, at which time the plaintiffs in this action were prevented from further buying and selling coal for the said railway company, and their business in this respect was canceled by said railway company; that at the time defendants sold to Short & Son they (defendants) had only the right to conduct said business during the pleasure of the said railway company; that when Randall came in on May 26th defendants only turned over to plaintiffs their right to do business for said railway company during its pleasure, which right could be determined at the will of the railway company, at any time it saw fit; that when said coal busi-

ness was turned over to plaintiffs they took possession with a full understanding and agreement that the same was subject to cancellation at any time by said railway company; that they were so informed at the time by defendants and the railway company; that on the 6th day of September the railway company saw fit and canceled their relations in said coal business with the plaintiffs, and refused to longer permit them to buy and sell their coal for them, or in any way act for them in that relation; that the land and the improvements, at the time of the conveyance, was worth the consideration named of $10,000; that defendants did not promote or instigate the said cancellation." The lease and contract between defendants and the Union Pacific Railroad Company was assigned by the defendants to the plaintiffs in this action by and with the written consent of said railroad company. Judgment was entered in favor of respondents that said action be dismissed, and the injunction theretofore granted was dissolved, from which judgment, and the order overruling the motion for a new trial, thereafter made by the plaintiffs, plaintiffs appealed.

The evidence introduced at the trial in the court below was conflicting, but it appears from the great preponderance of evidence that the defendants acted in good faith in all their dealings with the plaintiffs. The plaintiffs were informed of all their rights before they entered into the contract. There was no concealment or misrepresentation on the part of the defendants, and plaintiffs went into the matter knowing what might be a possible, but not probable, termination of their business relation with the railroad company. They took the risk when they made the contract, and must stand by it, whether they gain or lose. Where it is shown, as in this case, that a person has ample opportunity of examining for himself, he cannot rest his rights upon the statements of others. It is his business to inquire into and ascertain what those rights

are. "A court of equity will not undertake, any more than a court of law, to relieve a party from the consequences of his own inattention and carelessness." *Slaughter's Adm'r* v. *Gerson*, 13 Wall. 379. "Proof of a contemporaneous parol agreement is inadmissible to alter or contradict a contract in writing." *Miller* v. *Edgerton*, 38 Kan. 36, 15 Pac. 894. "Where a contract in writing contains no warranty, parol evidence is not admissible to add warranty." *De Witt* v. *Berry*, 134 U. S. 306, 10 Sup. Ct. 536. The evidence in this case fully sustained the findings of the court below, but, even if this court should find the evidence conflicting, still the findings must be sustained, and the judgment affirmed. By numerous decisions, this court has stated the rule that, "where the evidence is conflicting, an appellate court will not grant a new trial upon the ground that the findings are contrary to the evidence, unless the preponderance is so apparent and marked that the court can have no hesitancy in deciding that the particular findings under review are against the evidence." *Harrington* v. *Chambers*, 3 Utah, 94, 1 Pac. 362; *Chamberlain* v. *Raymond*, 3 Utah, 117, 1 Pac. 850; *Hopkins* v. *Ogden City*, 5 Utah, 390, 16 Pac. 596; *Irrigation Co.* v. *Moyle*, 4 Utah, 327, 9 Pac. 867; *Dooly Block* v. *Salt Lake Rapid-Transit Co.*, 9 Utah, 32, 33 Pac. 229; *Hannaman* v. *Karrick*, 9 Utah, 239, 33 Pac. 1039. Upon a full consideration of the case, the judgment of the court below is affirmed.

BARTCH, SMITH, and KING, JJ., concur.