## DANIEL DWYER, PLAINTIFF, v. SALT LAKE CITY COPPER MANUFACTURING COMPANY ET AL., DEFENDANTS.

APPEAL — FINDINGS IN CHANCERY— SECONDARY EVIDENCE — MECHANIC'S LIEN—WAIVER.

1. "Where a case is tried in a court sitting as a court of chancery, and the evidence is conflicting, the findings of fact will be conclusive in the appellate court, unless they are so manifestly against the weight of evidence as to demonstrate some oversight or mistake. So, likewise, where the case is tried before a referee, and his findings are confirmed by the court below.

2. "Where a written instrument is traced into the hands of a party, not within the state, secondary evidence is admissible to prove the contents of the instrument, and this without further showing that the original was lost or destroyed. In such case no notice to produce is necessary, and a copy of the instrument is competent evidence."

3. Where a mechanic stipulates with the vendee of premises that he will look to some other person for services performed thereon, or that all such claims have been paid, he thereby waives his lien on such premises. A mechanic's lien is a privilege conferred by statute, and ordinarily may be waived by express agreement of the party in whose favor it exists.

(No. 694. Decided Nov. 10, 1896.)

Appeal from the Third district court, Territory of Utah. Hon. S. A. Merritt, *Judge*.

Action by Daniel Dwyer and others against the Salt Lake City Copper Manufacturing Company and others. Judgment for plaintiffs. Defendant Otto Stallman, appeals. *Affirmed.*

*Loofbourow & Kahn* and *Dickson, Ellis & Ellis*, for appellant.

*Frank Pierce*, for respondents.

Bartch, J.:

It appears that the Salt Lake City Copper Manufacturing Company was the reputed owner and in the possession of certain land, and that it erected thereon a smelting and copper refining and manufacturing plant. The plaintiffs brought this action to enforce a mechanic's lien against the property, claiming a certain sum of money due them from the company. Abraham Hanauer, trustee, and Otto Stallman, were made parties defendant. Stallman filed an answer and a cross complaint, wherein he alleged that there was due him from the company, for wages as an employé, the sum of $3,775, and claimed a mechanic's lien therefor on the same property, and sought to enforce it as against the plaintiffs and all other defendants in the action. The company failed to answer, and its default was entered, but the defendant Hanauer answered the cross complaint, denying, for want of information and belief, all the material allegations, and, further answering, alleged that on September 24, 1894, the company executed and delivered to him, as trustee, a trust deed on its property, described in the cross complaint, and other property, to secure the payment of certain promissory notes of the company, aggregating the sum of $227,200, and claimed that such trust deed was the first lien on the property. Hanauer further alleged that on May 1, 1894, Stallman and the company entered into a written agreement wherein Stallman agreed that all services performed by him on the property prior to April 1, 1894, were performed for one S. M. Green, and that the company was not liable to him for the services performed

prior to that date. The cause was tried before a referee; and, in accordance with the findings of fact and conclusions of law reported by him, the court entered judgment in favor of Stallman, and against the company, for the sum of $964.65, and ordered so much of the premises to be sold as might be necessary to satisfy the judgment. This judgment excluded the sum of $2,700 of the claim of Stallman, that sum having accrued for services prior to April 1, 1894, and the referee having found that such services were rendered to S. M. Green. This appeal is taken from various orders and decrees, one of which is an order overruling the appellant's motion to modify the findings and report of the referee, and another an order denying his motion for a new trial.

The referee, among other things, found that the services performed by Stallman on the premises, prior to April 1, 1894, were for Green, and not for the company, and that he was not entitled to judgment against the company, nor to a lien, for the wages earned previous to that date. The appellant insists that the evidence is insufficient to justify or support this finding, and that he was employed by the company, and was entitled to judgment against it, and to a lien for the whole amount of his unpaid wages. Upon an examination of the record, it must be conceded that there is evidence tending to show that the appellant was an employé of the company when his claim accrued, and that it was the owner of the premises in question during the time of his employment, but upon such examination it must likewise be conceded that there is evidence in the record which tends to show that prior to April 1, 1894, Green was the owner of the premises, and about May, 1894, sold the same to the company, and that up to April 1, 1894, the appellant was an employé of Green. Without referring to the evidence in detail, it is clear that there is a substantial conflict.

therein on the question whether the premises were owned, and the appellant was employed by the company, or by Green, prior to April 1, 1894; and, such being the case, this court will not disturb the findings of fact in question. The rule is well settled in this state that where a case is tried in a court sitting as a court of chancery, and the evidence is conflicting, the findings of fact will be conclusive in the appellate court, unless they are so manifestly against the weight of the evidence as to demonstrate some oversight or mistake. So, likewise, where the case is tried before a referee, and his findings are confirmed by the court below. *Hannaman* v. *Karrick*, 9 Utah 236; *Short* v. *Pierce*, 11 Utah 29.

At the trial the respondent Hanauer offered in evidence a copy of the contract of May 1, 1894, made between Stallman and the company, wherein he, among other things, agreed "that all work and services by him performed with respect to the erection of said works have been paid for by the said S. M. Green, and that the party of the second part is not liable to the party of the first part in any sum whatsoever, except for salary since the 1st day of April, 1894." To the introduction of this evidence the appellant interposed an objection, on the ground that it was incompetent and immaterial, which was overruled, and it is insisted that the action of the court in overruling the objection was erroneous. It was shown that C. P. Mason had been appointed receiver of the company, and was the legal custodian of its books and paper, and that he made search for the original instrument, but could not find it. The witness Dey testified that he saw the contract in the hands of one Saks; that the last time he saw it Saks took it with him; that he tried to secure it for Hanauer's attorneys, but, after sending two telegrams, failed to do so. It also appears from the testimony that Saks was in Europe, and that the original instru-

ment could not be secured.  We think the foundation for the introduction of secondary evidence of the contents of the original instrument was sufficiently laid, and that the copy was competent.  Where a written instrument is traced into the hands of a party, not within the state, secondary evidence is admissible to prove the contents of such instrument, and this without further showing that the original was lost or destroyed, because where the party into whose possession the instrument is traced, or in whose possession it was last seen, is beyond the jurisdiction of the court, it is neither within the power of the court to compel the attendance of such person, nor the production of the instrument.  Nor, in such case, is notice to produce necessary.  *Burton* v. *Driggs*, 20 Wall. 125; *Gordon* v. *Searing*, 8 Cal. 50; *Manning* v. *Maroney*, 87 Ala. 563; *Zellerbach* v. *Allenberg*, 99 Cal. 57; *Knickerbocker* v. *Wilcox*, 83 Mich. 200.

Nor was the objection good on the ground of immateriality, because the evidence tended to establish the fact that the $2,700 which accrued to Stallman previous to April 1, 1894, had been paid, and that he had waived his lien by express agreement with the company.

The appellant also insists that if Green owned the premises, prior to the 1st day of May, 1894, and on that day conveyed the same to the company, the grantee took them subject to the lien for his services performed on the property to that date.  Doubtless, where land is sold during the time of the construction of a building on which liens have attached, such sale does not affect the rights of the employés; but this cannot avail the appellant in this case, because he agreed with the vendee that all work which had been performed by him upon the premises previous to April 1, 1894, had been paid for by the vendor, and thereby discharged the lien, if any had attached. Whether or not a rescission of the contract of May 1,

1894, which contained this agreement on the part of the appellant, was afterwards made, is immaterial, because, if the contract was rescinded, it was not done until after the rights of Hanauer had accrued; and it does not appear that he was a party to the rescission. Where a mechanic stipulates with the vendee of premises that he will look to some other person for the payment of his claims for services performed thereon, or that all such claims have been paid, he thereby waives his lien on such premises. A mechanic's lien is a privilege conferred by statute, and ordinarily may be waived by express agreement of the party in whose favor it exists. 15 Am. & Eng. Enc. Law, p. 114; Phil. Mech. Liens, § 272; *Brown* v. *Williams*, 120 Pa. St. 24; *Bailey* v. *Adams*, 14 Wend. 201.

We do not deem a discussion of the remaining questions presented important, because there appears to be no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.