THOMAS MILLER, Respondent, *v.* ELIZABETH LIVINGSTON, Sr., ARCHIBALD LIVINGSTON, JOHN LIVINGSTON, ELIZABETH LIVINGSTON, Jr., NELLIE BURT LIVINGSTON and EDITH FROME LIVINGSTON, Appellants.

APPEAL — OF EQUITABLE ACTION — WHEN FINDINGS AND DECREE OF LOWER COURT NOT DISTURBED—CONSIDERATION—RECITAL IN DEED — PRIMA FACIE EVIDENCE — MAY BE VARIED BY EXTRANEOUS EVIDENCE.

*Appeal—Of Equitable Action—When Findings and Decree of Lower Court not Disturbed.*

On an appeal of an equitable action, the appellate court will not disturb the findings and decree of the trial court; which had the opportunity of observing the manner and bearing of the witnesses while testifying, in the absence of apparent oversight or mistake.

*Consideration — Recital in Deed — Prima Facie Evidence—May be Varied by Extraneous Evidence.*

While the recital of consideration in a deed is *prima facie* evidence of the amount thereof, it is not conclusive and a different consideration or amount may be shown by extraneous evidence.

( Decided June 4, 1900 ).

( Rehearing denied July 3, 1900 ).

Appeal from the Third District Court Salt Lake County. Hon. Ogden Hiles, *Judge.*

Action to foreclose a mortgage and recover an amount due on a note together with taxes and attorney's fees. From a judgment for plaintiff defendants appealed. *Affirmed.*

*S. W. Darke, Esq.* and *Messrs. Rawlins, Thurman, Hurd & Wedgwood*, for appellants.

In an action for the recovery of the purchase price of real estate, the recital of the consideration in the deed is at least *prima facie* evidence of the amount of the purchase price. 6 American & Eng. Enc. of Law, 2d ed. 778, and cases cited.

A recital in a deed is evidence of the fact or incident recited as against the parties to the deed and all persons claiming under them. Abbott's Trial Evidence, p. 712; Gillett's Indirect & Collat. Ev., Sec. 19; *Carver* v. *Jackson*, 4th Peters 1, on p. 83; *Crane* v. *Morris*, 6th, id., 598, on p. 611.

The evidence offered was admissible, not only in corroboration of the case made on defendant's counter-claim, but as well in rebuttal of plaintiff's witnesses in opposition to defendant's counter-claim. Thompson on Trials, Secs. 386 and 543; 1 Jones on Evidence, Sections 136, 168, 170· 3 Jones on Evidence, Sec. 809.

It is presumed that the consideration stated in the deed conveying the property described in defendant's counter-claim, was the true consideration. 2 Devlin on Deeds, Sec. 817.

The mortgage being given to secure the promissory note only, did not justify the court by its decree in making the attorney's fee a lien upon the mortgaged premises. *Clemens* v. *Luce*, 101 Cal. 432; *Barnett* v. *Mulkins* (Cal.), 40th Pac. 115; *Cooper* v. *McCarthy* (Cal.), 36th Pac., p. 2; *San Diego Savings Bank* v. *Lowenstein*, Id. 387.

*Messrs. Zane & Rogers*, for respondent.

The burden of proving the amount alleged in the

counter-claim to be due from the plaintiff, rested on the defendants. It was therefore their duty to prove the consideration for the land described in the deed of Jane L. Winsness and Elizabeth Livingston to plaintiff, because that showed whether anything was due from plaintiff, and if any, how much. The defendants went into that proof but it seems they stopped with the deed; but that was not conclusive as to the consideration. If defendants had any other evidence upon which they relied to prove the amount, they should have offered it in the first instance.

"When the burden of proving any matter is thrown upon the party by the pleadings, he must generally introduce in the first instance all evidence upon which he relies, and he cannot, after going into a part of his case, reserve the residue of his evidence for a subsequent opportunity." The Law of Evidence, Jones, 3d Vol., Sec. 809.

BARTCH, C. J.

It appears from the record that on June 16, 1898, the defendants Elizabeth Livingston, Sr., Archibald Livingston, John Livingston and Elizabeth Livingston, Jr., executed and delivered to the plaintiff a promissory note in the sum of $700, payable on or before two years after date thereof, and secured the same by mortgage upon certain real property situate in Salt Lake City. On August 31, 1898, plaintiff, claiming the note and mortgage to be still due and unpaid, brought this action to foreclose the mortgage and recover the amount due on the note, a certain sum alleged to have been paid by him for taxes assessed against the property and a certain sum as attorney's fee. Thereafter the defendants filed an answer denying the indebtedness, and set up a counter-claim for a balance of $1,333.30, claimed by them to be

due on the purchase price of certain real estate conveyed
to plaintiff by Elizabeth Livingston, Sr., and Jane L.
Winsness, the consideration mentioned in the deed being
$4,000.   In his answer to the counter-claim, the plaintiff
denied any balance unpaid, and alleged that the true
consideration was but $3,000, and that it was paid at the
time of the purchase.

At the trial, the main controversy between the parties
was as to whether the consideration for the real estate
conveyed to the plaintiff, was in fact $4,000 or $3,000.
The court found the issues in favor of the plaintiff and en-
tered a decree of foreclosure.   Thereupon the defendants
appealed to this court.

The appellants contend that the court erred in sustain-
ing respondent's objection to the question asked the wit-
ness Elizabeth Livingston, Sr., in rebuttal, as follows:
"What was the agreement as to the consideration for this
property?"   And also to the one asked another witness,
as follows:   "What was said in relation to the considera-
tion?"   These questions, it appears, related to a verbal
agreement respecting the consideration for the property
purchased by the respondent, claimed to have been made
between the vendors and a person, who, it is contended,
represented the vendee, at a time anterior to the execution
and delivery of the deed, in the absence of the vendee.   It
was shown, however, by a clear preponderance of the evi-
dence, and the court so found, that, at the very time of
the making, execution and delivery of the deed, at the final
consummation of the transaction, it was understood be-
tween all the parties that the real consideration was $3,-
000, and that the $4,000 consideration was inserted in the
instrument of conveyance simply "to make it appear
better."

It was also shown that, at the same time, the $3,000

22 Utah—12.

were paid in full by the vendee. Under the facts and circumstances disclosed by the record, the evidence thus sought to be introduced could not avail the appellants, and it was therefore properly excluded. It is true the testimony concerning what occurred between the parties, as to the consideration, at the time of the execution of the deed, is not all harmonious, but the trial court, having had an opportunity to observe the manner and bearing of the witnesses while testifying and having decided in favor of the respondent, this court will not, in the absence of any apparent oversight or mistake disturb its findings or decree.

While the recital of the consideration in a deed is *prima facie* evidence of the amount thereof, still a different consideration or amount may be shown by extraneous evidence. Such recital is not conclusive of the fact. 6 Am. & Eng. Ency. Law, (2d Ed.) 778–780.

We do not deem it important to discuss any other question presented. There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

MINER, J. and BASKIN, J. concur.