ANNIE GORRINGE, Appellant, v. WILLIAM S. READ, Respondent.

No. 1348.    (68 Pac. 147).

1.  Appeal: Bill of Exceptions: Time of Filing: Extension of Time by Court: Redundant Matter: When Stricken Out.
    A bill of exceptions will not be stricken out on appeal in an equity case, though it was not filed within ninety days after notice of entry of judgment, as provided by Revised Statutes, section 3286, if it was filed within an extension of time allowed by the court; nor though it contained matter, redundant and useless, contrary to Revised Statutes, section 3284, the court's attention not having been called to the fact when the bill was settled.

2. **Findings of Fact: Conflicting Evidence: Conclusiveness.**
The court will not disturb the findings of the lower court upon con-
flicting evidence where such findings are supported by proof,
and there is no manifest oversight or mistake.[1]

(Decided March 24, 1902.)

Appeal from the Second District Court, Weber County.—
*Hon. H. H. Rolapp,* Judge.

Action to set aside and cancel a deed to certain real prop-
erty executed by the plaintiff to the defendant and to have the
plaintiff adjudged to be the real owner of the premises. From
a judgment in favor of the defendant, the plaintiff appealed.

AFFIRMED.

*A. J. Weber, Esq.,* and *Thomas Maloney, Esq.,* for ap-
pellant.

*C. C. Richards, Esq., E. M. Allison, Jr., Esq.,* and
*A. E. Pratt, Esq.,* for respondent.

It is a well-settled rule of procedure that the bill of ex-
ceptions must be settled, signed and filed within the time re-
quired by law, or it does not constitute part of the record. And
the court or judge has no power to extend the time.   Nye v.
Old Colony Railroad Co., 124 Mass. 241; Miller v. Cincin-
nati, 47 Ohio St. 110; Finley v. Whitley, 46 Ohio St. 524;

---

[1]Miller v. Livingston, 22 Utah 174, 61 Pac. 569; McKay v. Farr,
15 Utah 261, 49 Pac. 649; Watson v. Mayberry, 15 Utah 265, 49 Pac.
479; Dwyer v. Manufacturing Co., 14 Utah 339, 47 Pac. 311; Whitesides
v. Green, 13 Utah 341, 44 Pac. 1032, 57 Am. St. Rep. 740; Short v.
Pierce, 11 Utah 29, 39 Pac. 474; Stahn v. Hall, 10 Utah 400, 37 Pac
585; Hannaman v. Karrick, 9 Utah 236, 33 Pac. 1039; Dooly Block v.
Salt Lake Rapid Transit Co., 9 Utah 31, 33 Pac. 229, 24 L. R. A. 610;
Wells v. Wells, 7 Utah 68, 24 Pac. 752.

Van Brunt, etc., M'fg Co. v. Kinney, 51 Minn. 337; s..c., 53 N. W. Rep. 643; Johnson v. Stevens, 95 Ky. 128, s. c., 23 S. W. Rep. 957; Martin v. Southern Kansas R. Co., 51 Kan. 162; s. c., 32 Pac. Rep. 901; Wood v. Ohio Falls Car Co., 136 Ind. 598; s. c., 36 N. E. Rep. 282; White v. Gregory, 126 Ind. 95; Marselles v. Howland, 136 Ill. 84; s. c., 26 N. E. Rep. 495; State v. McClumphy, 37 W. Va. 805; s. c., 17 S. E. Rep. 315; Smith v. State, 20 Fla. 839; Thompson v. McGhee (Ga.), 19 S. E. Rep. 32; Hance v. Miller, 21 Ill. 636; Burst v. Wayne, 13 Ill. 664; La Rose v. Nat. Bank, 102 Ind. 352; s. c., 1 N. E. 805, read 813; Joseph v. Mather, 110 Ind. 114; s. c., 10 N. E. Rep. 78; Sutherland v. Putnam (Ariz.), 24 Pac. 320; Herriman Irrigation Co. v. Butterfield Min. Co., 19 Utah 470, 57 Pac. Rep. 537.

.BARTCH, J.—This is an action in equity, and was brought to set aside and cancel a deed to certain real property executed by the plaintiff to the defendant, and to have the plaintiff adjudged to be the real owner of the premises. The case is before us for the second time. On the former occasion the appeal was from a judgment of nonsuit granted at the close of the plaintiff's testimony. We then granted a reversal and remanded the cause for further proceedings. See 23 Utah 120, 63 Pac. 902. Thereafter the court below proceeded with the case pursuant to the mandate of this court, and, after the defendant introduced his evidence and both sides rested, entered a decree in favor of the defendant, holding that the plaintiff was entitled to no relief, and dismissing the action. Thereupon this appeal was prosecuted.

The respondent insists that his motion to strike the bill of exceptions from the record should be sustained, because, as he claims, the same was not prepared as provided by section 3284, Revised Statutes 1898, nor prepared, settled, signed, and filed within ninety days after notice to the plaintiff of the entry of judgment, as provided by section

3286, Revised Statutes 1898. While it must be conceded, upon an examination of the bill, that there is some merit in this contention, still we think that, this being a case in equity, the showing is insufficient to justify the striking of the bill of exceptions from the record. It does not appear that at the time of settling the bill the court's attention was called to the fact that it contained redundant and useless matter which ought to be eliminated, the objection at that time being to the settling of the bill after the expiration of ninety days from the entry of judgment. Nor does the matter objected to appear to be such that this court ought to refuse to consider the bill, this being an equitable action. As to the bill not being settled and filed within time, it is sufficient to say that it appears from the record to have been prepared, settled, signed, and filed within the extension of time allowed by the court. We have therefore concluded to deny the motion, and will decide the case upon its merits.

The appellant contends that the evidence is insufficient to support the judgment and decree. In the opinion rendered on the former appeal in this case the substance of the evidence of the plaintiff was carefully stated, and at considerable length. For the purposes of that decision, the same being on a question of nonsuit, that evidence was assumed to be true; the defendant having introduced no proof. Upon the cause being remanded for further proceedings, and upon further trial, the defendant introduced his testimony. Since the testimony of the plaintiff was referred to at length in the former opinion, further reference thereto in detail herein is not deemed necessary. Nor, as the case now stands, is it considered important to state the evidence of the defendant in detail herein. Suffice it to say, for the purposes of this decision, that the material facts appearing from the evidence of the plaintiff have been either denied, or explained adversely to her, by the proof submitted by the defendant. It thus now appears that the findings of the court, and the decree and

judgment appealed from, herein, are based upon conflicting evidence; and, upon careful examination, we are unable to say that such findings, decree, and judgment are not supported by the proof. . Such being the character of the evidence as it is now presented, and the trial court having had an opportunity to observe the witnesses while giving their testimony, their bearing on the stand, and the apparent candor and frankness with which they made their statements, this court will not, in the absence of manifest oversight or mistake on the part of that court, disturb either the findings or the decree or judgment. Such has been the uniform holding under similar circumstances in this State. In Miller v. Livingston, 22 Utah 174, 61 Pac. 569, it was said: "It is true the testimony concerning what occurred between the parties, as to the consideration, at the time of the execution of the deed, is not all harmonious, but the trial court, having had an opportunity to observe the manner and bearing of the witnesses while testifying and having decided in favor of the respondent, this court will not, in the absence of any apparent oversight or mistake, disturb its findings or decree." McKay v. Farr, 15 Utah 261, 49 Pac. 649; Watson v. Mayberry, 15 Utah 265, 49 Pac. 479; Dwyer v. Manufacturing Co., 14 Utah 339, 47 Pac. 311; Whitesides v. Green, 13 Utah 341, 44 Pac. 1032, 57 Am. St. Rep. 740; Short v. Pierce, 11 Utah 29, 39 Pac. 474; Stahn v. Hall, 10 Utah 400, 37 Pac. 585; Hannaman v. Karrick, 9 Utah 236, 33 Pac. 1039; Dooly Block v. Salt Lake Rapid Transit Co., 9 Utah 31, 33 Pac. 229, 24 L. R. A. 610; Wells v. Wells, 7 Utah 68, 24 Pac. 752.

We do not regard it necessary to discuss any of the other questions presented, although they have not escaped our notice. There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

MINER, C. J., and BASKIN, J., concur.