## FINDLAY v. NATIONAL UNION INDEMNITY CO.

No. 5332.   Decided December 7, 1934.   (38 P. [2d] 760.)

*Hamilton Gardner* and *H. A. Rich,* both of Salt Lake City, for appellant.

*K. C. Tanner,* of Salt Lake City, for respondent.

MOFFAT, Justice.

On June 30, 1930, the defendant and appellant, National Union Indemnity Company, issued a policy of public insurance to one Sam Holland upon an automobile truck which he owned. The truck was used in Holland's business to haul goods between various places in Utah. Holland employed Perry A. Day to drive the truck. He never drove it himself. On September 15, 1930, Holland directed Day to take a truckload of Salt from Salt Lake City to Cedar City, Utah. About noon of September 18, 1930, Day started upon the trip to Cedar City. Upon Day's invitation and accompanying him on this trip were La Vare Snyder, Mrs. La Vare Snyder, Glenn Snyder, heir five year old son, and Gerald Findlay, a child aged about six years, of whom the plaintiff and respondent, Roxie Findlay, is the mother.

Mrs. Findlay, the plaintiff, Mrs. Perry A. Day, and Mrs. La Vare Snyder are sisters, so that all of the parties upon the truck on the trip were related.

Day drove the truck upon the trip until a point about 18 miles north of Holden in Millard county, Utah, was reached. At this point Day turned over the truck to Snyder his brother-in-law, to drive. Shortly after Snyder started to drive, he ran the truck into a culvert. The truck was overturned. The two children were thrown out and injured, and the Findlay child died some time after. On July 15, 1931, this suit was filed, being one among others growing out of injuries alleged to have been sustained in the accident and claiming indemnity under the insurance policy issued to Holland. This cause was tried to a jury, and on November 25, 1931, judgment was duly entered upon the verdict in favor of the plaintiff and against the defendant and appellant.

Motion for a new trial was made, argued, and submitted, and on March 15, 1932, denied by the trial court. Notice of the denial of the motion for a new trial was served on the 16th and filed on the 17th day of March, 1932. Notice of appeal to the Supreme Court was served and filed on the 2d day of April, 1932, and within time an undertaking was duly filed, perfecting the appeal. On April 29, 1932, the district court entered an order granting the defendant and appellant sixty days from the 1st day of May, 1932, in which to serve, settle, and file bill of exceptions. On the same date an order was made by the Supreme Court granting appellant sixty days from May 1, 1932, in which to file transcript on appeal. On June 30, 1932, appellant filed a statement showing service of proposed bill of exceptions; acknowledgment of receipt of such was made; and objections to filing and settlement were made by the attorney for plaintiff and respondent, upon the ground the trial court was without jurisdiction to make the order. On July 7, 1932, the respondent filed a motion in this court to dismiss the appeal. On the 19th day of September, 1932,

respondent's motion to dismiss the appeal was denied, and appellant's motion to be relieved from its default in failing to file the transcript on appeal within time was granted. On November 5, 1932, respondent served and filed notice of motion to strike appellant's bill of exceptions. This motion to strike the bill of exceptions was argued and briefs filed thereon, and by the court taken under advisement. On December 30, 1932, by order of this court the bill of exceptions was stricken. Subsequently a motion was again made by the respondent to dismiss the appeal. Appellant also filed a motion or petition for a rehearing on the motion to strike the bill of exceptions. Decision upon the petition for rehearing on the striking of the bill of exceptions was reserved and the parties permitted to argue the cause upon merits, and a decision to be had thereon if the court should find that there was error in striking the bill of exceptions.

It therefore becomes necessary to examine the questions relating to the striking of the bill of exceptions, and, if there is cause for reinstatement of the bill, then to proceed to an examination of the cause on merits. As a general rule, a motion to strike the bill of exceptions comes before the court at the same time the cause is argued to the court on its merits, and, but for special reasons or where the striking of the bill may leave no available assignments of error because of the striking of the bill, the motion to strike or as here, the motion to reinstate the bill should be considered first. *Jeremy Fuel & Grain Co.* v. *Denver & Rio Grande R. Co.*, 59 Utah 266, 203 P. 863. If, however, the order heretofore made striking the bill is correct, all of the questions raised by the assignments of error being in the bill of exceptions (except those not argued), nothing is left but the judgment roll for review, and, while the motion heretofore made to dismiss the appeal which was denied upon the ground that the motion to dismiss was prematurely made the appeal would as a consequence fall, unless the motion to reinstate the bill should be granted.

At the time the motion to strike the bill of exceptions was argued and submitted, and thereafter, and before the entry of the order striking the bill, the court fully considered the questions involved and briefs upon the questions argued. No opinion was written upon the matter at that time, although entered on the 30th of December, 1932. Promptly following the orally announced position of the court, other and further motions, petitions, and orders were made resulting in an order permitting all matters involved to be set down for hearing and presenting a situation that, should the court find cause to reinstate the bill theretofore stricken, the matter would then be considered at large and upon merits.

The situation now calls for an examination of the statute relating to the prescribed procedure in preparing, settling, filing, and signing the bill of exceptions. A brief restatement of the facts before a statement of the law and reasons for the court's position in the matter will tend to make the applications discussed easier. Before passing to that matter, we desire to state what has been many times stated that the fundamental purpose of the code or law relating to procedure is to bring about a fair trial of the issues on merits. This is the purpose and aim of the courts. Rights should not be sacrificed and courts are not disposed to permit rights to be lost or a meritorious cause to fail of determination on merits because of technical mistakes, inaccuracies, or omissions in pleadings or other irregularities within the power of the court to grant relief when properly and timely presented. The language of a staute, remedial in its nature, should be liberally construed. As aptly put by counsel for appellant in the instant case, the result of the striking of the bill will deprive the appellant of the benefit of its appeal being heard upon its merits. This is true. It is likewise true that, where jurisdiction is involved, errors, defaults, and oversights, though honestly thought not to be such, give no power for relief when none is provided by the law. It is likewise true that a statute is not

construed either because of merits of, or hardship resulting from, a given case; but it must be construed so as to give effect to its purpose in the light of litigation or procedure generally arising thereunder and to the legislative intent. An isolated case may result in inconvenience, hardship, or loss, but, if the cause of right and justice generally is aided by the construction, the individual application must conform.

Briefly, the only essential in the statute in question here is the element of time. Procedural matters are essentially time limitations. In determining substantive rights by the process of submitting controverted issues to judicial tribunals, whether or not such issues may be determined upon the respective merits depend largely upon the observance by the parties litigant of certain definitely fixed time limitations. From the day of the service of the summons or filing of the complaint to the filing of the remittitur from the court of last resort, almost every step to be taken in the procedure, or moving forward of the controversy, has a time limitation imposed, and in many instances a penalty for failure to act within the limitation fixed. So important is the element of time in such matter that, unless the required acts are done within the prescribed limits of time, what were otherwise valuable rights are lost or cease to exist. From failure to observe these limitations, in certain instances and within the time limitations therefor, a procedure is prescribed by the resort to which relief from defaults may be had; from others, for jurisdictional reasons, no relief may be had. Of the latter type is the time within which an appeal must be perfected. Of the former is the instant case, had timely and proper application upon good cause shown been made.

In the instant case the cause was tried, judgment entered, and a motion for a new trial filed and heard. The motion was denied on the 15th day of March, 1932. Notice thereof was served by the plaintiff on the 16th of March and filed with the clerk of the court the day following. Thus under the

statute the time within which the bill of exceptions must be prepared and served started to run by the service of the notice of determination of the motion for a new trial. Comp. Laws Utah 1917, § 6969, as amended by Laws Utah 1925, c. 51. That statute, by which this case is controlled, now amended and superseded by R. S. Utah 1933, 104-39-4, reads:

"When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may, within thirty days after the entry of judgment if the action were tried with a jury, or after service of notice of the entry of judgment if the action were tried without a jury, or after service of notice of the determination of a motion for a new trial or in case an appeal is taken before the bill of exceptions is settled service of the notice aforesaid shall not be necessary and the appellant shall, within thirty days after service of his notice of appeal, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such service, the adverse party may propose amendments thereto, and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. When received by the clerk, he must immediately deliver them to the judge, if he be in the county; if he be absent from the county, and either party desires the papers to be forwarded to the judge, the clerk must, upon notice in writing from such party, immediately forward them by mail or other safe channel; if not thus forwarded, the clerk must deliver them to the judge immediately after his return to the county. When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. At the time designated, the judge must settle the bill. If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge for settlement, without notice to the adverse party. It is the duty of the judge, in settling the bill, to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible. When settled, the bill must be signed by the judge, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk. A bill of exceptions shall in all cases be prepared, settled, signed, and filed within ninety days after the entry of judgment, or after notice of the same

if the action were tried without a jury or after notice of the determination of a motion for a new trial."

On the 2nd day of April, 1932, appellant, defendant below, served and filed its notice of appeal. Seventeen days had elapsed from the date of service of notice of denial of motion for a new trial when the notice of appeal was served and filed on April 2, 1932. On April 29, 1932, appellant obtained an order from the trial court extending the time within which to "prepare, serve, have settled, and file bill of exceptions" for a period of sixty days from the 1st day of May, 1932.

Two questions are submitted and argued by counsel arising out of the facts stated:

(1) Was the order made by the trial court on the 29th day of April, 1932, extending the time within which to prepare, serve, have settled, and file the bill of exceptions, a valid order within the thirty-day period, in the absence of proceedings to be relieved from default as provided by sections 6619 and 7023, Comp. Laws Utah 1917, for having failed to have the bill prepared and served within the thirty-day period? This raises the question as to when the time began running. If the time began to run on March 16th, when the notice of the court's denial of the motion for a new trial was served, and could not be interrupted by the service and filing of a notice of appeal or extended except upon an order of the trial court made within the period of thirty days from the service of the notice and without relief upon a meritorious showing having been made, the bill was properly stricken. Extensions of time may be granted under section 7023, supra, when proper steps are taken to preserve the jurisdiction of the trial court. *Hurd* v. *Ford*, 74 Utah 46, 276 P. 908. Unless time is properly preserved, the trial court loses jurisdiction to settle the bill of exceptions. *Independent Gas & Oil Co.* v. *Beneficial Oil Co.*, 71 Utah 348, 266 P. 267. On the other hand, if, notwithstanding the service and filing of the notice of

denial of the motion for a new trial, the service of notice of appeal interrupts the time already started by the notice and starts another thirty-day period to run from the date of service and filing notice of appeal, then the order of April 29, 1932, was in time, the trial court had jurisdiction to settle and sign the bill, and the bill should not have been stricken. This question is one of first impression under the statute in this jurisdiction.

(2) The second question submitted and argued on this motion is: Was the bill of exceptions prepared, settled, signed, and filed within ninety days after the notice of determination of the motion for a new trial or within the extensions granted by the trial court? We do not deem it necessary to discuss this second question: First, because if it is determined that the time for preparing and serving the bill began to run on the 2d day of April, 1932, it was prepared and served in time as extended by the court when served and filed on June 29, 1932 (*Gorringe* v. *Read,* 24 Utah 455, 68 P. 147; *Olson* v. *Oregon Short L. R. Co.,* 24 Utah 460, 68 P. 148; *Blackburn* v. *Baker,* 47 Utah 219, 152 P. 1184; *Jeremy Fuel & Grain Co.* v. *Denver & Rio Grande R. Co.,* 59 Utah 266, 203 P. 863), while, if the time began running on March 16, 1932, it was not within time, for the reason that the court was without power to grant the extension under the circumstances; and, second, that a construction of that part of section 6969, Comp. Laws Utah 1917, as amended by Laws of Utah 1925, c. 51, is not important in this case and would be purely academic, as that part of the section, relating to the ninety-day limitation, is omitted from R. S. Utah 1933, 104-39-4. The omitted portion follows:

"A bill of exceptions shall in all cases be prepared, settled, signed, and filed within ninety days after the entry of judgment, or after notice of the same if the action were tried without a jury, or after notice of the determination of a motion for a new trial."

We are thus brought to the application of the first part of section 6969, supra. A part of the record on appeal, if

a cause is tried to a jury on issues of fact, or if tried to the court without a jury and findings of fact are necessary, is designated a bill of exceptions, which under the practice prevailing in this jurisdiction usually consists of a transcript of the reporter's notes, the exhibits presented during trial, and such other matters as shall reflect the evidence sought to be reviewed on appeal, and, after settlement by the court, it and the judgment roll constitute the record on appeal. Comp. Laws Utah 1917, § 6992, R. S. 1933, 104-41-3; *Van Leeuwen* v. *Huffaker*, 78 Utah 521, 5 P. (2d) 714.

When a judgment is entered, the losing party has a right of appeal. This is a transient right, and, if not perfected within the six-month period, the right of appeal is lost and ceases to exist. R. S. 1933, 104-41-2. As a part of the record on appeal, the bill of exceptions may or may not be incorporated therein, depending upon the nature of the question sought to be reviewed therein. The right to have the bill of exceptions included in the record on appeal is given not without limitations, but is contingent upon the doing of the prescribed acts and within the time fixed. When a party desires to have the exceptions he has taken at the trial settled in a bill of exceptions, he may within thirty days after the entry of judgment, if the action were tried to a jury and no motion for a new trial has been interposed, have his bill of exceptions settled, or, if the action were tried to the court, he may have the bill of exceptions settled within thirty days after the service of notice of the entry of judgment, or, if the cause were tried to the court or to the court sitting with a jury and a motion for a new trial interposed, he may have his bill of exceptions settled and signed within thirty days after the service of notice of the determination of the motion for a new trial.

Before the amendment of 1925, the foregoing were the only limitations, except the ninety-day limitation hereinbefore referred to, relating to the preparing, serving, settling, and signing of the bill of exceptions. Under the provisions

of the statute, the time limitation began running automatically upon the entry of judgment on the verdict, when the cause was tried to a jury, if no motion for a new trial had been filed within time. By the other provisions of the statute prior to the amendment, service of a notice of the entry of judgment or service of notice of determination of the motion for a new trial was necessary to start the running of the time limitation relating to the settlement of the bill of exceptions. The 1925 amendment added to the section (Comp. Laws 1917, § 6969, as amended by Laws 1925, c. 51) the words:

"Or in case an appeal is taken before the bill of exceptions is settled service of the notice aforesaid shall not be necessary (to start the time to run) and the appellant shall, within thirty days after service of his notice of appeal, prepare a draft of a bill and serve the same, or a copy thereof, upon the adverse party." (Parenthetical phrase added.)

Counsel for appellant insists that the amendment last above quoted gives a fourth and alternative way by which the parties to an appeal may start the time to run within which the preparation and settlement of the bill must be made, regardless of whether the notices referred to have been served. We think counsel is in error in this contention.

In passing, it might be of value especially as to cases arising in the future and for the purpose of indicating the court's position upon this question to advert to the further amendment of the same part of the section involved herein as now contained in R. S. 1933, 104-39-4. In the 1933 revision the section is now divided into six subparagraphs. The ninety-day limitation heretofore referred to has been omitted and repealed; some other omissions have been made. Except for the omissions we think the meaning and purpose of the statute have not been changed. Subparagraph (2) of the amended section now 104-39-4, reads:

"In case an appeal is taken before the bill of exceptions is settled, service of the notices aforesaid shall not be necessary and time shall run from service of his notice of appeal."

Adverting now to the construction of that part of the section of the statute in question: It is to be observed that fundamentally the statute is procedural in nature and limitational in purpose and effect. It requires a notice to set the time running in all cases tried to the court with or without a motion for a new trial and in cases tried to a jury when a motion for a new trial has been filed and determined. Time begins to run automatically upon entry of judgment on the verdict if no motion for a new trial has been filed, and in any case by the service of notice of appeal. When the time limitation fixed by the statute has been started running by any one of the methods provided by the statute, except by notice of appeal, may such time as has elapsed be cut off and the time started to run anew and from the date of the service of notice of appeal? We think it was neither the purpose of the statute nor the intention of the Legislature in making the amendment to thus permit an extension of time when once started as provided by the statute: "In case an appeal is taken before the bill of exceptions is settled service of the notices aforesaid shall not be necessary" to start the time running within which to prepare and serve the bill of exceptions. When the time has once been started by the service of the required notice, it may no more be cut off by serving and filing a subsequent notice of appeal than the time could be similarly cut off in case of entry of judgment on a verdict where no notice is necessary in the absence of a motion for a new trial. The appeal method of starting the time to run is applicable only when time has not already been started to run either by notice or by the provision of the statute without notice.

It is conceded by counsel that the order of April 29, 1932, extending the time for sixty days after May 1, 1932, in which to prepare, serve, have settled, and file the bill of exceptions, was entered without any proceedings under Comp. Laws Utah 1917, § 6619, to relieve appellant from its default. The notice of determination of the motion for a new trial was served on March 16, 1932. This notice started the time run-

ning within which the settlement of the bill must be **made,** unless the time was extended by proper proceedings as by the statute provided. The order of April 29, 1932, was more than thirty days after the service of the notice. No application was made to the district court, and no showing suggested to that court for relief. In the absence of an application to be relieved and showing justifying such relief, the district court lost jurisdiction to make the order of April 29, 1932, extending the time within which the bill of exceptions could be settled by that court.

It being clear under the statute that the time within which to prepare and serve the bill of exceptions began running on March 16, 1932, the date of service of the notice of determination of the motion for a new trial, the doctrine heretofore laid down by this court in the case of *Independent Gas & Oil Co.* v. *Beneficial Oil Co.*, 71 Utah 348, 266 P. 267, 269, and cases therein cited, is determinative of the matter. In that case the court held that:

"After the time fixed by Comp. Laws Utah 1917, § 6969, had expired, without any further extension of time as provided by Comp. Laws Utah 1917, § 7023, the district court was without jurisdiction or power to grant further time until the defendants had first been relieved from their default in failing to keep alive the time in which to prepare and serve their bill of exceptions. Such has been the repeated and uniform holding of this court. *Butter* v. *Lamson*, 29 Utah 439, 82 P. 473; *Bryant* v. *Kunkel*, 32 Utah 377, 90 P. 1079; *Warnock Ins. Agency* v. *Peterson Real Estate Inv. Co.*, 35 Utah 542, 101 P. 699; *Met* v. *Jackson*, 43 Utah 496, 136 P. 784; *Tooele Imp. Co.* v. *Hoffman*, 44 Utah 532, 141 P. 744; *Allen* v. *Garner*, 45 Utah 39, 143 P. 228; *McEwan* v. *Anderson*, 50 Utah 317, 167 P. 685; *State* v. *Martin*, 49 Utah 346, 164 P. 500.

"In order to invoke the jurisdiction or power of the district court to revive and grant further time in which defendants may prepare and serve their bill of exceptions under the provisions of Comp. Laws of Utah 1917, § 6619, it was necessary for them to make a proper application and showing. *Morgan* v. *O. S. L. R. Co.*, 27 Utah 92, 74 P. 523; *Felt* v. *Cook*, 31 Utah 299, 87 P. 1092; *Tooele Imp. Co.* v. *Hoffman*, and *Allen* v. *Garner*, supra."

It therefore follows that the petition for reinstatement of the bill of exceptions must be denied, and the order heretofore made striking the bill is affirmed. The bill of exceptions is stricken.

As heretofore indicated, there are no assignments of error upon merits of the cause not directed to matters in the bill of exceptions. This court is therefore precluded from passing upon them. The judgment of the lower court must therefore be affirmed. Such is the order. Respondent to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.