## FELT v. COOK et al.

No. 1775. Decided December 8, 1906 (87 Pac. 1092).

1. NEW TRIAL—PROCEEDINGS TO PROCURE—TIME FOR APPLICATION—EXCUSE FOR DELAY.—Revised Statutes 1898, section 3301, provides that a party intending to move for a new trial must, within five days after verdict, serve and file a notice of such intention. Section 3005 provides that when, for any reason satisfactory to the court or judge, the aggrieved party has failed to apply for a new trial during the term, the court or judge may grant the relief on application within a specified time. *Held,* that an appplication and showing to the court setting forth some grounds why a motion was not made under section 3294 is prerequisite to a right to serve the notice under section 3005.

2. EVIDENCE—JUDICIAL NOTICE—TERMS OF COURT.—On a question as to whether appellant moved for a new trial during the term, the Supreme Court cannot take judicial notice as to when the term adjourned in the absence of any statutory or constitutional provision, fixing the time.

3. APPEAL—DECISIONS REVIEWABLE—ORDER ON MOTION FOR NEW TRIAL.—An appeal lies only from the judgment, and not from an order denying or granting a motion for a new trial.

4. Same—Time for Taking Appeal.—Under Revised Statutes 1898, section 3301, providing that an appeal may be taken within six months from the entry of judgment an appeal may be taken within six months after the overruling of a motion for a new trial, made within the time allowed by law.

Appeal from District Court, Third District; C. W. Morse, Judge.

Action by George F. Felt, doing business as the George F. Felt Lumber Co., against Alzora Cook and others. From a judgment in favor of defendants, plaintiff appeals.

Appeal dismissed.

*N. V. Jones* for appellant.

*A. L. Hoppaugh* for respondents.

STRAUP, J.

A motion is made to dismiss the appeal on the ground that it was not taken in time. Section 3301, Revised Statutes 1898, provides that an appeal may be taken within six months from the entry of judgment or order appealed from. The findings and decree were filed and entered July 11, 1905, and, on the day following, a notice of such filing and entry was served. A motion for a new trial, on the ground of newly discovered evidence, was served and filed February 28, 1906, seven and one-half months after service of notice of entry of judgment. On March 10, 1906, the motion for a new trial was denied. On June 29, 1906, a notice of appeal was served and filed, appealing from the judgment entered July 11, 1905, and from the order made March 10, 1906. The statute provides (section 3294) that the party, intending to move for a new trial, must, within five days after the verdict of the jury, or after notice of the decision of the court or referee, if the action were tried without a jury, serve and file a notice of such intention. The time in which to serve or file a notice of such a motion for a new trial was not enlarged.

Section 3005, provides that when, for any reason satisfac-

tory to the court, or the judge thereof, the party aggrieved has failed to apply for a new trial or other relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or judge thereof, in vacation, may grant the relief upon the application made within a reasonable time not exceeding six months after the adjournment of the term. It is claimed by the appellant that his notice of motion was filed pursuant to this section. The record does not disclose that any application was made for leave to file it. It was filed and served by the appellant as matter of course, without leave or showing. The aggrieved party may, under the five days' statute, and within the time therein specified or enlarged, as matter of right, serve and file a notice of motion for a new trial; but he may not do so under section 3005. To invoke the aid and jurisdiction of the court under the latter section it is requisite that an application and showing be made to the court setting forth some grounds why the motion was not made, and the relief sought within the five days' statute.

Furthermore, the notice for new trial was filed seven and one-half months after the judgment was taken. The statute provides that the relief may be granted upon application made within a reasonable time not exceeding six months after the adjournment of the term. It is not made to appear when the term during which the judgment was taken, commenced, or ended, or adjourned. There is no statute nor constitutional provision fixing the commencement or ending of the term of the district courts. We cannot take judicial knowledge of when the term during which the judgment was taken adjourned. Appellant is required to show affirmatively that his application was made within six months after the adjournment of the term. This he has failed to do. For aught that appears, the term adjourned the day the judgment was taken. We cannot presume that it continued for a month and a half thereafter before adjournment. Filing to show that an application or showing was made for leave to file a motion for new trial, and, failing to show that the application was made within the time allowed by the statute, the appellant

was not in position to invoke the jurisdiction of the court to entertain the motion. (1 Spelling, New Trial, sections 24, 355; *Clark v. Perry,* 17 Colo. 56, 28 Pac. 329.) This court has repeatedly held, under the statute, that an appeal lies only from the judgment, and not from an order denying or granting a motion for a new trial; that a judgment is not final while a motion for a new trial, made within the time allowed by law, is pending and undisposed of; and that the appeal may be taken within six months after the overruling of such motion for a new trial. But the appellant here has not made nor filed any motion for a new trial as by law provided. What he did in the premises was as though no motion for a new trial had been attempted. The finality of the judgment was, therefore, not prevented nor stayed by any motion for a new trial, and hence the six months in which appellant was required to prosecute the appeal began to run from the entry of the judgment. The appeal was not taken until eleven and one-half months thereafter.

The appeal is therefore dismissed, with costs.

McCARTY, C. J., and FRICK, J., concur.