[No. 7569.  Decided February 25, 1909.]

LITTLE BILL, OR MAQUIQUI, *Appellant,* v. JESSIE A. DYSLIN *et al., Respondents.*[1]

JUDGMENTS—VACATION—GROUNDS—NEW TRIAL—SURPRISE—COURTS—REVIEW BY SAME COURT.  Bal. Code, § 4953, authorizes a trial court to review and vacate its own order denying a new trial, taken against a party through mistake, inadvertence, surprise or excusable neglect.

SAME—DISCRETION.  It is not an abuse of discretion to vacate an order denying a new trial, entered without notice to the moving party, after an agreement to submit the same at some future time to a visiting judge who died before the matter was submitted.

SAME—COURTS—POWER TO REVIEW ORDERS—CORRECTION IN SAME COURT.  After vacating, for inadvertence and surprise, an order vacating the denial of a new trial, the trial court has no discretion to vacate its last order, as it may not review its own orders for mere error of law.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered April 4, 1908, vacating, upon motion of the plaintiff, an order vacating an order denying defendant's motion for a new trial, and refusing to consider the motion for a new trial.  Reversed.

*E. D. Wilcox,* for appellant.

*Boyle, Warburton, Quick & Brockway,* for respondents.

[1]Reported in 99 Pac. 1026.

Rudkin, C. J.—This case came on for hearing in the superior court of Pierce county on the 4th day of December, 1906, before Judge Hatch, superior judge for Jefferson, Clallam and Island counties, holding court in Pierce county at the request of the judges thereof, or by direction of the governor. On the 6th day of December, 1906, a judgment of nonsuit was entered, and within two days thereafter the plaintiff interposed a motion for a new trial. The motion was noted for hearing on the 14th day of December, 1906, but on that date the judge presiding in the department in which the motion was pending refused to hear or consider the motion on the ground that the cause was heard before another judge. It was thereupon agreed between the parties that the motion should be taken up before Judge Hatch at some future time, or submitted on briefs; but Judge Hatch died soon after, and before this agreement was carried out.

On the 16th day of March, 1907, the defendants took an order denying the motion for a new trial, in the absence of and without notice to the plaintiff; and the plaintiff and his attorneys had no notice of such action until some considerable time thereafter. On the 4th day of December, 1907, the plaintiff moved the court to vacate the order of March 16, denying the motion for a new trial, on the ground of mistake, inadvertence, surprise and excusable neglect. A hearing was had on this application and the same was granted on the 2d day of January, 1908. On the 2d day of February, 1908, the plaintiff's motion for a new trial came on for argument, and the court permitted counsel for the present respondents to reargue the motion theretofore heard, upon which the order of March 16, 1907, denying the motion for a new trial had been vacated. On the 4th day of April, 1908, the court entered an order vacating the order of January 2, 1908, which in turn vacated the order of March 16, 1907, denying the motion for a new trial, and refused to hear or consider the motion for a new trial itself. From this latter order, the present appeal is prosecuted.

The two propositions upon which the respondents rely for an affirmance of the order are:  (1) That the order of January 2, vacating the order denying the motion for a new trial, was void for lack of jurisdiction; and (2) that the court abused its discretion in making and entering the order of vacation on January 2.

The first contention of the respondents is based on the decisions of this court in *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, and kindred cases, where it is held that neither the judge who tried the cause nor his successor in office can vacate a previous order granting or refusing a new trial for mere error of law. But Bal. Code, § 4953 (P. C. § 424), expressly provides that courts may relieve a party from a judgment or order taken against him through mistake, inadvertence, surprise, or excusable neglect, and the cases cited by the respondents do not limit or curtail the power of the court to vacate judgments or orders under this section. *Burnham v. Spokane Mercantile Co.*, *supra*.

The second contention is that the court abused its discretion in vacating the order denying the motion for a new trial. If that argument is addressed to this court, we are not inclined to so rule. The judge who heard the cause returned to his home county before the motion for a new trial could be heard, and another judge presiding in the same court refused to hear a motion in a cause not tried before him. It was then agreed that the motion should be taken up before the judge who heard the cause, or submitted to him on briefs, but before the stipulation could be carried out the judge died, and an order was thereafter taken, in the absence of counsel for the appellant and without notice to them, denying the new trial. Under such circumstances we are not prepared to say that the court should not vacate the order denying the motion for a new trial on the ground of accident, surprise and excusable neglect, in order that the motion might be disposed of on its merits. It is said that the several defendants in the ac-

tion were represented by different counsel and that counsel representing the present respondents were not parties to the agreement or stipulation under which the cause was to be submitted to Judge Hatch, but the affidavit filed in support of the motion to vacate averred that the agreement was made with "the attorney for the defendants who had the active management of the defense," and this affidavit was not controverted or denied.

If the argument that the court abused its discretion in vacating the order denying the motion for a new trial is urged as a justification for the final order of the court from which this appeal is prosecuted, the answer is that the discretion had already been exercised and the court was not at liberty to reverse itself or exercise its discretion anew on the hearing of the motion for a new trial. *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164. Had the court, in the exercise of its discretion, refused to vacate the order denying the motion for a new trial in the first instance, it is very apparent that it could not thereafter reconsider its action and grant the motion for mere error of law, under the decision in *Burnham v. Spokane Mercantile Co.*, *supra*, and later cases, and why should a different rule obtain because the court exercised its discretion in favor of the other party. We perceive no reason for any such distinction, and the order is accordingly reversed, with directions to hear the motion for a new trial on its merits.

FULLERTON, DUNBAR, and MOUNT, JJ., concur.

GOSE, CHADWICK, and CROW, JJ., took no part.