## LUKE v. COLEMAN.

No. 2109. Decided January 23, 1911 (113 Pac. 1023).

1. APPEAL AND ERROR—TIME TO APPEAL—PENDENCY OF MOTION FOR NEW TRIAL—REHEARING. An application for a rehearing of an order of the district court denying a motion for a new trial is not recognized by the practice of this state, and hence the pendency of such an application does not affect the running of the statute limiting the taking of appeals from judgments of the district court to six months from the time the judgment becomes final by the disposition of a motion for a new trial. (Page 386.)

. 2. APPEAL AND ERROR—TIME TO APPEAL—RENDITION OF JUDGMENT— MOTION FOR NEW TRIAL. Under the statute allowing appeals

from final judgments of the district court to be taken within six months, such judgments do not become final until the disposition of a motion for a new trial.   (Page 388.)

3.  NEW TRIAL—DENIAL OF MOTION—REHEARING.  The rule that appellate courts have inherent power to grant rehearings, is not applicable to the district court in respect to appeals from inferior courts, as on such appeals the trial is *de novo* and the proceeding is not one to review and correct errors, and hence the district court has no power to grant a rehearing of its determination of a motion for a new trial in a case pending before it on appeal from the city court.   (Page 388.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by James A. Luke, assignee of Joseph P. Newman, against George Coleman.

From a judgment of the District Court reversing a judgment of the City Court of Salt Lake City, plaintiff appeals.

APPEAL DISMISSED, AND JUDGMENT OF DISTRICT COURT AFFIRMED.

*E. A. Walton* for appellant.

*Moyle & Van Cott* for respondent.

STRAUP, J.

A motion is made to dismiss the appeal.  We think it should be granted.  The action was commenced in the City Court of Salt Lake City to recover a judgment upon a promissory note in the sum of two hundred and fifty dollars, together with interest and attorney's fee, alleged to have been executed by the defendant, Coleman, and made payable to Newman, who, before suit, assigned it to Luke.  A judgment Coleman took an appeal to the District Court of plaintiff, and against Coleman, the defendant, in the sum of four hundred and four dollars and costs.  From that judgment in that court was rendered in favor of Luke, the

Salt Lake County, where, upon a trial *de novo* before the court and a jury, a verdict was rendered and a judgment entered in favor of the defendant, no cause of action, on the 22d day of September, 1908. Under the statute then in force, section 686x17, Comp. Laws 1907, judgments rendered in the district court on appeals from the city court were final and unappealable when the judgment of the district court did not exceed one hundred dollars. In March, 1909, that statute was amended and went into effect in May, 1909, rendering such judgments final and unappealable when the amount in controversy did not exceed one hundred dollars. Sess. Laws 1909, c. 87.

On the 25th of September, 1908, the plaintiff filed in the district court a written notice of motion for a new trial on the grounds: (1) Insufficiency of the evidence to justify the verdict; (2) that the verdict was against law; and (3) errors in law occurring at the trial. The motion was heard and submitted on the 17th day of October, and on the 28th day of that month and was overruled. On the 19th day of December the plaintiff in writing petitioned and moved "the court to grant a rehearing and reargument of plaintiff's motion for a new trial herein on the following grounds: (1) The court erred in refusing and denying said motion; and (2) in determining said motion for a new trial the court attached undue weight to the verdict of the jury, and failed to sufficiently appreciate the extent of the court's discretion and function with respect to the weight of the evidence." The defendant, on the 21st day of December, filed a motion to strike plaintiff's petition for want of jurisdiction to entertain it. The motion to strike was denied, and on the 26th day of December the petition was submitted, which, on the 3d day of June, 1909, was also denied. At that time final judgments rendered by the district court on appeals from the city court were appealable when the amount in controversy exceeded one hundred dollars. On the 4th day of November, 1909, the plaintiff took an appeal from the judgment rendered in the district court. He claims

38 Utah—25

that the judgment was appealable and became final on the 3d day of June, 1909, when the petition for rehearing was denied. The motion to dismiss the appeal is on the ground that the appeal was not taken within time.

We will assume when the appeal was taken the judgment was appealable. The general statute permits an appeal from final judgments of the District Court to the Supreme Court within six months from the entry of the judgment. It has been held a number of times in this jurisdiction that a judgment is not final while a motion for a new trial made within the time allowed by law is pending and undisposed of, and that an appeal may be taken within six months after the overruling of such a motion for a new trial. Here the judgment was rendered and entered on the 22d day of September, 1908. A motion for a new trial was made on the 25th and overruled on the 28th day of October, 1908. If the judgment then became final, it is clear that the appeal, not taken until the 4th day of November, 1909, more than a year thereafter, was not within time. But the plaintiff urges that the finality of the judgment was suspended by the subsequent filing of his motion or petition for a rehearing and until the overruling of it on the 3d day of June, 1909. We think the district court had not the power to entertain such a motion. It is unknown to our practice. In California, where the practice relating to new trials is similar to ours, it has been firmly established that the court has no power to reopen the question of granting or denying a motion for a new trial after disposing of it. (*Holtum v. Greif,* 144 Cal. 521, 78 Pac. 11; *Carpenter v. Superior Ct.,* 75 Cal. 596, 19 Pac. 174; *Egan v. Egan,* 90 Cal. 15, 27 Pac. 22; *Lang v. Superior Ct.,* 71 Cal. 491, 12 Pac. 306, 416; *Coombs v. Hibberd,* 43 Cal. 452.)

In the first case the court said:

"The question, then, is as to the power of the trial court to vacate an order granting or denying a new trial after it has once been regularly made and entered. The decisions of this court are numerous and uniform to the effect that a judgment or order once

regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely, or by inadvertence, they may be set aside on the proper showing (*Odd Fellows' Sav. Bank v. Deuprey*, 66 Cal. 170 [4 Pac. 1173], and cases cited), and, if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth (*Garoutte v. Haley*, 104 Cal. 497 [38 Pac. 194], and cases cited); but subject to these exceptions the order is reviewable only on appeal, and, the decision of the trial court having been once made after regular submission of the motion, its power is exhausted—it is *functus officio*." `

In the second case it was said: "The foundation of this rule is that the modes in which a decision may be reviewed are prescribed by statute, and the courts are not at liberty to substitute other modes in their place." The same rule also prevails in Nevada (*Crosby v. North Bonanza M. Co.*, 23 Nev. 70, 42 Pac. 583; in Washington, *Coyle v. Seattle Electric Co.*, 31 Wash. 181, 71 Pac. 733; *Burnham v. Spokane Mer. Co.*, 18 Wash. 207, 51 Pac. 363; in Oklahoma, *Lookabaugh v. Cooper*, 5 Okla. 102, 48 Pac. 99; in Wisconsin, *Rogers v. Hoenig*, 46 Wis. 361, 1 N. W. 17; in South Dakota, *Jeansch v. Lewis*, 1 S. D. 609, 48 N. W. 128; in Georgia, *Wimpy v. Gaskill*, 76 Ga. 41; and in Kentucky, *Houston v. Kidwell*, 14 S. W. 377, 12 Ky. Law Rep. 386. A different rule seems to prevail in Nebraska, *Snow v. Vandeveer*, 33 Neb. 735, 51 N. W. 127; in Ohio *Huber Mfg. Co. v. Sweny*, 57 Ohio St. 169, 48 N. E. 879; and in Texas, *Watson v. Williamson* [Tex. Civ. App.], 76 S. C. 793). According to some of these decisions, a second application for a new trial may be made within the term in which the judgment was rendered, when it is based on grounds not included in the first application, and satisfactory reasons given for the omission. The plaintiff, however, did not proceed on the theory of a second application based on new grounds, but on the theory of a rehearing and a resubmission of the grounds already passed upon and adjudged on the first application. We do not find in any of the cases, except *Huber Mfg. Co. v. Sweny*, where the second application was a mere petition for a rehearing of the grounds passed on on the first application.

We need not stop to consider to what extent the decisions of the cases last named may have been influenced by statutes or a practice different from ours, for the rule announced by the California court is more in harmony with principles already enunciated by this court, that to invoke the jurisdiction of the court to entertain a motion for a new trial the motion must be made within the time allowed by statute or enlarged by the court (*Felt v. Cook*, 31 Utah 299, 87 Pac. 1092), and that the court is without authority, after the expiration of such time, to even permit an amendment o a notice of motion for a new trial by adding thereto a new and independent ground therefor (*Blue Creek Land & Live Stock Co. v. Anderson*, 35 Utah 61, 99 Pac. 444). Stress is laid on the fact that the judgment in the district court was rendered on an appeal from an inferior court. Upon that it is asserted that the power to rehear a cause is inherent in every appellate court. In the first place, the appeal was not a mere proceeding to review and correct errors. It required a trial *de novo* on the merits in the same manner as actions originally commenced in the district court. The practice and procedure with respect to motions for a new trial in the district court are the same in cases there tried *de novo* on appeals from inferior courts as in cases originally commenced in the district court. In the next place, the power of the district court to rehear and re-examine the cause was once invoked by plaintiff's first application for a retrial. After the application was denied, to then also permit a petition to rehear and re-examine the order denying the motion is in effect to allow the limited time within which a motion for a new trial may be made to be enlarged and to render the proceedings after judgment interminable. There must be some point where litigation in the lower court terminates, and the losing party turned over to the appellate court for redress. (*Coombs v. Hibberd, supra.*) We think the district court was without jurisdiction to entertain the application for the rehearing; that the judgment became final when the court, on the 28th day of October, 1908, denied the motion for a new trial;

and that the appeal taken on the 4th day of November, 1909, was therefore too late.

The appeal is dismissed, and the judgment of the district court affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.