## TOOELE IMPROVEMENT CO. v. HOFFMAN.

No. 2497.   Decided March 5, 1914.   On Application for Rehearing June 19, 1914 (141 Pac. 744).

1. EXCEPTIONS, BILL OF—TIME TO FILE—EXTENSION OF TIME—AUTHORITY OF COURT. Though the district court may, before the running of the statutory period for serving a bill of exceptions, extend the time on good cause shown, as provided by Comp. Laws 1907, section 3329, it has no authority to grant such extension if, at the time application is made therefor, the statutory time for service of the bill has expired.[1]   (Page 535.)

ON APPLICATION FOR REHEARING.

2. EXCEPTIONS, BILL OF—TIME TO FILE—EXTENSION OF TIME—AUTHORITY OF COURT. An application under Comp. Laws 1907, section 3005, conferring discretionary power on the court, for leave to serve a bill of exceptions after the statutory time therefor, differs from an application under section 3329 for an extension of time within which to serve and file a bill of exceptions when the application is made before the statutory time, or any proper extension thereof, has expired, and an

---

[1] Butter v. Lamson, 29 Utah, 439, 82 Pac. 473; Bryant v. Kunkel, 32 Utah, 377, 90 Pac. 1079; Warnock Ins. Agency v. Peterson Inv. Co., 35 Utah, 542, 101 Pac. 699; Metz v. Jackson, 43 Utah, 496, 136 Pac. 784.

application under section 3005 must state facts on which the court may make findings for or against the application, and a mere averment in an application that appellant's counsel was unable to obtain a transcript of the stenographic notes of the evidence sooner, and that without such a transcript he could not serve his bill of exceptions, and that his failure to obtain a formal extension of time in which to serve the bill was due to inadvertence and excusable neglect, is insufficient to invoke the jurisdiction of the court.[2]   (Page 537.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Tooele Improvement Company against Frank Hoffman.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED, AND PETITION FOR REHEARING DENIED.

*D. W. Moffatt* and *E. A. Walton* for appellant.

*L. L. Baker* and *Van Cott, Allison & Riter* for respondent.

### APPELLANT'S POINTS.

False representation of a material fact constituting the inducement of a contract on which the purchaser has a right to rely is always a ground for rescission in a court of equity. A misrepresentation to purchaser of a lot in a village that a large sum is to be invested therein in a manufacturing enterprise if it was the inducing cause of the purchase, entitled him to rescind.   The intent of the person making the representation is wholly immaterial.   The purchaser cannot be held to his contract on the ground that the person making the representation believed it to be true.   If a seller makes a representation which from its nature may induce the buyer

[2] Felt v. Cook, 31 Utah, 299, 87 Pac. 1092; Morgan v. O. S. L. R., 27 Utah, 92, 74 Pac. 523.

to enter into a contract of purchase of land on the faith of it, it will be inferred that he was induced thereby to contract; and he need not prove that he in fact relied upon the representation. Means on the part of the purchaser of discovering that a representation was false do not destroy his right to rescind. No man can be bound by a waiver of his rights unless such waiver was distinctly made with full knowledge of the rights which he waived and the fact that he knows his rights and intends to waive them must clearly appear. (*Wilson v. Carpenter,* 91 Va. 183; *Cressler v. Rees,* 27 Neb. 515; *Rover Iron Co. v. Trout,* 83 Va. 397; *Waters v. Mathingly,* I Bibb 244; *Prewitt v. Trimble,* 92 Ky. 176.) A written agreement may be modified, explained, reformed or altogether set aside by parol evidence or oral promises or undertakings material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing and which induced the other party to put his name to it. (*Walker v. France,* 112 Pa. St. 203; *Monell v. Colden,* 12 Johns. 395; Warville on Vendors, 928, 972.) The record discloses no word or act of Hoffman that can be regarded as a ratification of his purchase, after becoming acquainted with the misrepresentation accompanying the purchase. Confirmation must be a solemn and deliberate act. When the original transaction is infected with fraud, the confirmation of it is so inconsistent with justice and so likely to be accompanied with imposition that the courts watch it with the utmost strictness and do not allow it to stand unless proven by the clearest evidence. (*Cumberland Coal Co. v. Sherman,* 20 Md. 117; *Montague v. Manning,* 76 Va. 307.)

RESPONDENT'S POINTS.

He who is silent when conscience compels him to speak, should be debarred from speaking when conscience requires him to keep silent. (2 Pom. Eq. Jur., par. 818; 2 Herman on Estoppel, par. 937-9; *Clark v. Kirby,* 18 Utah 258; *Ott v. Pace,* 115 Pac. 37 [Mont.]. Negligent silence may work

an estoppel as effectively as an express misrepresentation. If the building was defective, Hoffman should have given timely notice so that the plaintiff could have remedied the defect; the plaintiff had a right to rely on Hoffman's silence as an acceptance of the building.    16 Cyc. 681; 48 Cent. Dig. Col. 327, par. 202; 48 Cent. Dig. Col. 344, par. 213; *Ott v. Pace,* 115 Pac. 37.)    We further contend that under the facts of this case the vendee, Hoffman, had no right to attempt to rescind the contract of purchase without first restoring, or offering to restore, the possession of the premises to the vendor.    (*Gates v. McLean,* 70 Cal. 42, 11 Pac. 489; *Maddock v. Russell,* 109 Cal. 417, 42 Pac. 139; 48 Cent. Dig. Col. 336, par. 209.)    Under the express terms of the agreement of sale, and under the facts as proven, and the admitted facts, the plaintiff had a legal and equitable right to declare a forfeiture of the contract as it did by its letter to Hoffman of December 13, 1910.    Time was of the essence of this contract and the vendor could declare a forfeiture upon the non-payment of any amount.    (*Reese v. Westfield,* 105 Pac. 837, [Wash.]; *Garvey v. Barkley,* 104 Pac. 1108, [Wash.]; *Prairie Dev. Co. v. Leiberg,* 98 Pac. 616, [Idaho]; *McAdams v. Falkner,* 73 Pac. 1064, [Cal.])

McCARTY, C. J.

We are met at the threshold of this appeal by a motion filed by respondent to strike the bill of exceptions on the ground that the draft thereof was not prepared and served on respondent within thirty days after the service of notice of the entry of judgment as provided by Comp. Laws 1907, section 3286.    The notice of the entry of judgment was served on respondent October 2, 1912. No motion for a new trial was filed in the cause.    A draft of the prepared bill of exceptions was served on respondent January 25, 1913, three months and twenty-three days after the service of notice on respondent of the entry of judgment. Section 3286, *supra,* provides that a bill of exceptions may be prepared and served within thirty days after the service of notice on the opposite party of the entry of judgment.

Section 3329 provides that the time for "the preparation, service, filing, or presentment of bills of exceptions, or of amendments thereto . . . may be extended, upon good cause shown, by the court in which the action is pending or by a judge thereof." The record shows that "no additional time to prepare and serve a bill of exceptions was granted to defendant (appellant) by the court or by the judge." On February 3, 1913, defendant moved the court to relieve him from his "failure to . . . get extension of time in which to serve bill of exceptions herein and to settle, notwithstanding such failure, the bill of exceptions," on the ground that "said failure to serve the same within the time limited was due to the impossibility of procuring the transcript of the testimony prior to the 23d day of January, A. D. 1913." The motion was supported by affidavit of counsel for defendant in which it was alleged that the failure to prepare and serve bill of exceptions in time was due to his (counsel's) inability to procure a transcript of the reporter's notes of the evidence and proceedings within the time prescribed by section 3286, and the failure of counsel in inadvertently failing to get an order of court extending the time in which to prepare and serve bill of exceptions. The court, over timely objections made by plaintiff, made an order that "the defendant be relieved from failure to serve and settle bill of exceptions in time." Plaintiff excepted to the ruling of the court in that regard. On March 10, 1913, the bill of exceptions was allowed and settled by the court. Respondent, in a cross-assignment of errors, presents the ruling of the court relieving defendant from his "failure to serve and settle bill of exceptions in time" to this court for review.

This court has repeatedly held that while the district court may, before the statutory period for serving a bill of exceptions has elapsed, extend the time "upon good cause shown," as provided in section 3329, it is without authority to grant such extension if, at the time the application is made, the statutory time for service of the bill has fully expired. *Butter v. Lamson,* 29 Utah, 439, 82 Pac. 473; *Bryant v. Kunkel,* 32 Utah, 377, 90 Pac. 1079; *Warnock Ins. Agency*

*v. Peterson Inv. Co.,* 35 Utah, 542, 101 Pac. 699; *Metz v. Jackson,* 43 Utah, 496, 136 Pac. 784. On authority of these cases, which we think were correctly decided, the motion to strike the bill of exceptions is sustained.

No claim is made that the judgment is not responsive to the pleadings, or that it is not supported by the findings of fact and conclusions of law. The judgment therefore must be, and the same hereby is, affirmed. Respondent to recover costs.

STRAUP and FRICK, JJ., concur.

### ON APPLICATION FOR REHEARING.

FRICK, J.

Appellant has filed a petition for rehearing in which it is insisted that we erred in striking the bill of exceptions.

It is vigorously contended that, in sustaining the motion to strike, we not only have in effect overruled the case of *Morgan v. O. S. L. R.,* 27 Utah, 92, 74 Pac. 523, but have ignored the particular provision of Comp. Laws 1907, section 3005, upon which the decision in the Morgan Case is based. It is true that in the Morgan Case the motion to strike the bill of exceptions was interposed for the reason that the same was not prepared and served within the time required by the statute, the same as in this case, and that this court, upon the application of the appellant railroad company, permitted it to show cause why it did not prepare and serve the bill of exceptions within the time required by statute, and upon such a showing it granted the appellant permission to serve and file the bill of exceptions notwithstanding the time fixed by statute had expired. The trial court in that case found that the reason the bill of exceptions was not served in time was on account of the excusable neglect of appellant's attorneys. This court held in that case that the trial court had the power to grant the relief sought under the following provision contained in section 3005, *supra,* to wit:

"The court may, in furtherance of justice, and on such terms . . . as may be proper, allow a party . . . from a judgment, order, or other proceeding *taken against him* through his mistake, inadvertence, surprise, or excusable neglect." (Italics ours.)

It was accordingly held that the preparation and settlement of a bill of exceptions is a proceeding in a pending action. It was, however, further held that in case a party failed to prepare and serve a bill of exceptions within the statutory time, and he could show that he failed to do so for the reasons stated in the foregoing quotation from section 3005, his failure constituted a "proceeding taken against him," and the court could relieve him and make an order allowing the bill of exceptions to be served and filed, although the statutory time had fully elapsed. This ruling was based upon the decisions in *Stonesifer v. Kilburn,* 94 Cal. 33, 29 Pac. 332, and *Scott v. Glenn,* 97 Cal. 513, 32 Pac. 573. In the first case cited from California, the showing was clearly sufficient to invoke the jurisdiction of the trial court, if that court had the power to act under the provision quoted from section 3005, *supra,* in view that the provision of the California statute is precisely like ours. Without attempting to now show that a bill of exceptions is not, and, in the nature of things, cannot be, classed as a "proceeding taken against" a party, yet, without discussing the question, we are not prepared to say that relief for a failure to prepare and serve a bill of exceptions before the statutory time had elapsed may not be granted under a different provision of section 3005, provided a timely application and sufficient showing be made upon which the court may base a finding that the application and showing is sufficient to authorize the relief sought. The soundness of the decision in *Stonesifer v. Kilburn, supra,* has not only been questioned by members of the California court but also by the Supreme Court of Montana. See dissenting opinion in *Banta v. Siller,* 121 Cal. 418, 53 Pac. 935, and *Beach v. Spokane & W. C. R.,* 21 Mont. 187, 53 Pac. 493.

As already intimated, however, if the court has power to relieve a party, in a matter of the kind now under consideration under any of the provisions of section 3005, it is not very material whether the court granted the relief under one or the other of the provisions enumerated in said section. To grant the relief under the wrong provision would at most amount to giving a wrong reason for a correct ruling. For the purposes of this case, therefore, we shall assume that the appellant, upon a proper and timely application and showing, had the right to invoke the jurisdiction of the trial court to permit him to serve and file a bill of exceptions after the statutory time had elapsed. As pointed out by Mr. Justice Straup, however, in *Felt v. Cook*, 31 Utah, 299, 87 Pac. 1092, in order to invoke the jurisdiction or power of the court under section 3005, a proper application and showing must nevertheless be made upon which judicial findings may be based either for or against the application. The application under section 3005 is altogether different from an application for an extension of time within which to serve and file a bill of exceptions, when such application is made before the statutory time or any proper extension thereof has expired. When an application for an extension of time is made before the statutory time or any proper extension thereof has elapsed, the extension usually is and may be made for any reason satisfactory to the court, and, unless there was a gross abuse of discretion in granting the application, the appellate court cannot interfere. This is so, however, because, before the statutory time has elapsed, the trial court has full and complete jurisdiction to extend the time without making a special application or showing therefor by which such jurisdiction is invoked. Comp. Laws 1907, section 3329.

Where an applicant proceeds under section 3005, the court is without jurisdiction to grant relief, unless an application and showing is made to the court upon which it can base findings for or against the application. If the court finds the showing sufficient to authorize the relief sought, it should make an order allowing the proposed bill of excep-

tions to be served, and, if it finds the showing insufficient, make an order to the contrary. The findings and order, when properly served and made a part of the record on appeal, may then be reviewed by this court upon the application of either party the same as any other ruling in the case. For these reasons, therefore, it is necessary that the application and showing be sufficient in form and substance to authorize the court to act. As pointed out by the Chief Justice in the foregoing opinion, we have repeatedly held that the trial court is without power to settle and allow a bill of exceptions when the statutory time or any proper extension thereof has fully elapsed. Such is also the holding of the Supreme Court of California, notwithstanding the ruling in the Kilburn Case. *Cameron v. Arcata, etc., Ry. Co.,* 129 Cal. 279, 61 Pac. 955. The jurisdiction of the court must therefore be invoked, as pointed out above, or there is none. If we apply the rule above stated to the case at bar, it is too clear for controversy that, under the pretended showing made, the district court was without power to grant appellant the right to serve and file the bill of exceptions which we have stricken. No application for relief was made unless we call the affidavit filed by appellant's counsel such an application. If we, however, permit that affidavit to stand as an application, yet there is absolutely no showing authorizing the district court to find that any of the grounds enumerated in section 3005, upon which the relief might have been granted, existed. All that is set forth in the affidavit are the facts that appellant's counsel was unable to obtain a transcript of the stenographic notes of the evidence sooner; that without such a transcript he was unable to prepare and serve his proposed bill of exceptions; and "that his failure to get a formal extension of time in which to serve such bill was due wholly to inadvertence and excusable neglect." For the purpose of invoking the jurisdiction of the court, counsel might just as well have filed a mere motion without giving any reasons in which he asked the court to settle and allow his proposed bill of exceptions, although the time to do so had fully elapsed. All we have is coun-

sel's conclusion that his failure to obtain a seasonable extension of time within which to prepare and serve a bill of exceptions constituted "excusable neglect." If this be sufficient to invoke the jurisdiction of the court, then there is absolutely no limit within which a party may not still hope to obtain relief for any neglect or failure on his part to act in any matter provided for in section 3005.

In view of the foregoing, we deemed it unnecessary to refer to and distinguish the Morgan Case in the original opinion. In view, however, that counsel have earnestly insisted that the Morgan Case is *stare decisis,* and that, if it be upheld, the result reached in the present opinion is erroneous, we have deemed it best to enlarge upon our former reasons.

· From what has been said, it follows that the petition for a rehearing should be denied. Such is the order.

McCARTY, C. J., and STRAUP, J., concur.

