Appeal from Third District.

## MOYLE v. McKEAN et al.

### No. 2895.   Decided Dec. 19, 1916 (162 Pac. 63).

1. EXCEPTIONS, BILL OF—TIME FOR FILING—EXTENSION.   Where a party desiring an extension of time for preparing and serving a bill of exceptions fails to apply therefor within the time allowed by Comp. Laws 1907, Section 3286, · or any extension thereof, the district court. cannot allow, settle, and sign a bill of exceptions, except under Section 3005 allowing an extension for good cause shown.[1]   (Page 95.)

2. EXCEPTIONS, BILL OF—TIME FOR FILING—EXTENSION—CAUSE. Under Comp. Laws 1907, Section 3286, providing that a party desiring to have his exceptions allowed and settled may within thirty days prepare and serve upon the adverse party his proposed bill of exceptions, which after amendment, if any, shall be allowed and signed by the judge, and Section 3005, authorizing the court in its discretion to allow the service of a bill of exceptions after the statutory time therefor, a showing that appellant did not fail to file his bill of exceptions within the statutory time or obtain any extension thereof on the ground of inadvertence of counsel for the appellant as to the time within which the bill was required to be allowed, alleged to have been excusable by the impossibility of preparing a bill of exceptions from the voluminous record, was insufficient to set in motion the jurisdictional power of the district judge, or authorize him to extend the statutory period.[2]   (Page 95.)

3. APPEAL AND ERROR—PRESUMPTIONS—ACTION OF DISTRICT COURT. The rule that it must be presumed that the· district court acted regularly and for sufficient cause has no application where the record affirmatively shows upon what grounds the court based its action, as where the record speaks presumptions may not be indulged.   (Page 98.)

4. APPEAL AND ERROR—REVIEW—JUDGMENT ROLL.   Where the bill of exceptions was not filed within the time allowed by the

[1]*Butter* v. *Lamson*, 29 Utah 439, 82. Pac. 473; *Metz* v. *Jackson*, 43 Utah 496, 136 Pac. 784; *Bryant* v. *Kunkel*, 32 Utah 379, 90 Pac. 1079; *Tooele Improvement Co.* v. *Hoffman*, 44 Utah 532, 141 Pac. 744; *Allen* v. .*Garner*, 45 Utah 39, 143 Pac. 228; *Dayton* v. *Free*, 46 Utah 277, 148 Pac. 408; *Insurance Agency* v. *Investment Co.*, 35 Utah 542, 101.Pac. 699.

[2]*Felt* v. *Cook*, 31 Utah 299, 87 Pac. 1092.

statutes, the appeal must be considered as though it were based upon the judgment roll. (Page 99.)

5. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—REVIEW. Where the evidence is not before the Supreme Court, it cannot review findings of fact on the ground that they were not supported by or are contrary to the evidence. (Page 99.)

6. TRIAL—FINDINGS—RESPONSIVENESS TO ISSUES. An assignment of error that a finding was not within the allegations of the complaint will be overruled, where, though there were no allegations in the complaint in the precise form of the finding, it was fairly within the purview of the allegations and responsive thereto. (Page 99.)

7. COSTS—PREVAILING PARTY—STATUTES. Under Comp. Laws 1907, Section 3339, providing that, in action by an administrator to set aside his intestate's conveyance, costs are allowed as of course to the prevailing party, and Section 3348, providing that where a party appears in a representative capacity the costs may be charges upon the estate unless the court directs otherwise, judgment for costs against a defendant in an administrator's action to set aside a conveyance was erroneous, where the findings and judgment were in her favor. (Page 99.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Oscar W. Moyle, administrator of the estate of P. G. McKean, deceased, against Theodore McKean and Ruth Gulick McKean.

Judgment for plaintiff. Defendants appeal.

AFFIRMED, except as to judgment for costs against defendant Ruth Gulick McKean, as to whom judgment reversed.

*R. W. Young & Son* for appellants.

*Ray Van Cott* for respondent.

### APPELLANT'S POINTS.

The right of an adult, sound in mind and memory and not unduly influenced, to dispose freely of his property is an uncontrovertible rule of law. A transaction between parent and child does not raise a presumption of undue influence,

and the burden is on the person attacking such transaction to show its invalidity.' (Note 35 L. R. A. N. S. 944; *Chadd* v. *Moser,* 25 Utah 369.)   But even if Mrs. McKean's disposition of her property were unnatural, this fact is merely one element to be considered and does not establish undue influence in the absence of express proof of undue influence. (*Ginter* v. *Ginter* and note, 22 L. R. A. N. S. 1024.) ''Imposition, importunity, fraud, duress, or something of that sort must appeal.'' ''Power, motive and opportunity to exercise undue influence do not alone authorize the interference that such influence has been exercised.'' (*Anderson* v. *Anderson,* 43 Utah 26, see pages 36-7; *Ginter* v. *Ginter, supra; Towson* v. *Moore,* 19 Supreme Court Rep. 332; Note 35 L. R. A. N. S. 934—see 950 *et seq.*)

FRICK, J.

The plaintiff, as the administrator of the estate of Mary P. G. McKean, deceased, brought this action to set aside certain conveyances of real property and transfers of personal property which were made by the deceased during her lifetime to the defendants, who are her children, and which conveyances and transfers, it is alleged in the complaint, were procured by the defendants by deception and undue influence practiced upon the deceased.

The plaintiff has filed a motion to strike the bill of exceptions upon various grounds, among others, that the proposed bill was not served nor settled within the time prescribed by our statute, and that, for that reason, the **1, 2** district judge was without jurisdiction or power to allow and settle the same.

The record discloses that the findings of fact, conclusions of law, and judgment were signed and filed on the 8th day of May, 1915; that notice of the signing and filing of the findings and judgment was served and filed on the 10th day of May following; that the notice of appeal was served and filed on the 8th day of November, 1915; that on the 26th day of November, 1915, appellants' proposed bill of exceptions was served on respondent's counsel; that counsel refused to accept or acknowledge service thereof upon the ground

that it was not served in time; that on the 18th day of December, 1915, respondent's counsel, however, acknowledged service of the proposed bill by making the following indorsement thereon, to wit:

"Service of the foregoing proposed draft of the defendants' bill of exceptions admitted this 18th day of December, 1915, but not waiving any rights whatsoever, as the same is and was not served in time."

Counsel suggested no amendments to the proposed bill, and the district judge, on the 30th day of December, 1915, allowed and signed the same as defendants' bill of exceptions in this case. No extensions of time to prepare and serve the bill of exceptions had either been asked for or granted.

Comp. Laws 1907, Section 3286, among other things, provides that any party to an action who desires to have his exceptions taken at the trial allowed and settled may, within 30 days from the entry of judgment, if the case is tried to a jury, or within 30 days after notice upon him of the entry of judgment if tried to the court, prepare and serve upon the adverse party his proposed bill of exceptions. Such proposed bill may then be amended and allowed and signed by the judge as provided in said section. Under our statute, the time for preparing and serving a bill of exceptions may, however, for good cause shown, be extended from time to time. In case a party desires to have the time extended, however, he must, at some time before the thirty days have elapsed, apply to the district court or the judge thereof for an extension, and in case an extension has been granted, and a further extension is desired, he must, before the extension has expired, apply to the judge or court for a further extension of time. This court has held in an unbroken line of decisions that in case the party who desires an extension of time fails to apply for such extension at some time before the statutory time, or any extension thereof, has expired, the district court or judge is without power thereafter to allow, settle and sign a bill of exceptions except under the provisions of Comp. Laws 1907, Section 3005. *Butter* v. *Lamson,* 29 Utah 439, 82 Pac. 473; *Metz* v. *Jackson,* 43 Utah 496, 136 Pac. 784; *Bryant* v. *Kunkel,* 32 Utah 379, 90

Pac. 1079; *Tooele Improvement Co.* v. *Hoffman*, 44 Utah 532, 141 Pac. 744; *Allen* v. *Garner*, 45 Utah 39, 143 Pac. 228; *Dayton* v. *Free*, 46 Utah 277, 148 Pac. 408; *Insurance Agency* v. *Investment Co.*, 35 Utah 542, 101 Pac. 699.

As appears from the foregoing statement, the notice of the signing and filing of the findings and judgment was duly served on appellants' counsel on the 10th day of May, 1915, and the first attempt to serve the proposed bill of exceptions was made on the 26th day of November following, or more than six months after the notice of judgment was served. It also appears that no extension of time was either asked or granted, and that service of the proposed bill was admitted conditionally and without waiving any rights by respondent's counsel on the 15th day of December, 1915. If therefore we should deny the motion to strike, we would have to overrule all of the foregoing cases, and not only that, but we would have to overrule a large number of similar decisions which have not been officially reported. Appellants' counsel, however, contend that this case comes within Section 3005, *supra*, as explained in *Tooele Improvement Co.* v. *Hoffman.* In that case we held that in case a party, for some good cause, fails to obtain an extension of time to prepare and serve his proposed bill of exceptions, he may make an application to the district court, or judge thereof, in which he may set forth the reasons why he did not prepare and serve his proposed bill of exceptions within time, and why he did not obtain an extension of time within which to do so, and the district court, or the judge, in case he finds that the appellant's failure was due to some excusable cause or neglect, may settle, allow and sign the proposed bill, notwithstanding the delay. The applicant must, however, make a proper showing of facts from which the court is authorized to find that the delay and failure to act timely on his part is excusable, and the court, or judge, must make findings of that fact which, at the instance of the opposing party, may be reviewed by this court. The district court, or judge, under Section 3005, may not assume arbitrary power and allow and sign a bill of exceptions out of time, but can do so only when good and sufficient cause is made to appear. In this

case, as in *Tooele Improvement Co.* v. *Hoffman, supra,* the facts upon which appellants' counsel rely are wholly insufficient to authorize any court or judge to grant relief under Section 3005. While one of appellants' counsel has filed a voluminous affidavit in support of his application, yet practically the only facts upon which counsel relies, and upon which the district judge apparently acted in allowing and signing the proposed bill are as follows:

"That it has been some years since affiant in person has been charged with the taking and perfection of an appeal, such matters having been committed to other members of the firm of which affiant is a member.

"That affiant, knowing that the law permitted him six months after judgment within which to take the initial step to appeal, namely, the filing of a notice, and, for the time, overlooking the requirement that the trouble and expense (in this case $240) of procuring and serving a bill of exceptions must be undertaken months before it is necessary to serve a notice of appeal, or, in the alternative, that the discretion of the trial judge should be invoked in order to secure such extensions of time as might be necessary to permit a party to determine whether or not to appeal or to procure his record, inadvertently mistook and overlooked the time within which the service of the bill should be made, affiant believing that such service and filing would be timely if made so as to permit the transcript to be filed in the Supreme Court within thirty days after the perfection of the bill as provided in rule II of the Supreme Court rules.

"Affiant further states that he was induced to believe he was moving within the proper time because of the physical impossibility in this case, and in all other cases where the transcript is voluminous and the appeal is on the entire record, of procuring and serving a draft of the bill of exceptions within thirty days after notice of judgment."

The district judge made no findings, and, apart from the foregoing statements, the record is destitute of anything from which we can determine what induced him to act. The facts presented by counsel as an excuse for a delay of more than six months in preparing and serving their

proposed bill of exceptions were, therefore, as pointed out in *Felt* v. *Cook*, 31 Utah 299, 87 Pac. 1092, and in *Tooele Improvement Co.* v. *Hoffman, supra,* wholly insufficient to set in motion the jurisdiction or power of the district judge, or to authorize him to act. Appellants' counsel, however, invoke the rule that we must presume that the district court acted regularly and for sufficient cause. That rule has no application here, since the record affirmatively shows upon what grounds the court based its action. Where the record speaks, presumptions may not be indulged.

The motion to strike must therefore prevail.

The appeal must therefore be considered as though it were based upon the judgment roll.

Nearly all of the assignments relate to the findings of fact, and the objection urged against them is that they are not supported by or are contrary to the evidence. In view that the evidence is not before us, we cannot review those findings.

It is also insisted that a certain finding "is not within the allegations of the complaint." While it is true that there are no allegations in the complaint in the precise form of the finding, yet the finding is fairly within the purview of the allegations of the complaint and is responsive thereto. That assignment must therefore also fail.

The assignment that there is a misjoinder of parties and of causes of action cannot be sustained.

It is next urged that the court erred in taxing costs against the defendant Ruth McKean. The findings and judgment are in her favor, but notwithstanding that fact the court entered judgment for costs against her. Comp. Laws 1907, Section 3339, provides that in actions like the one at bar "costs are allowed of course to the prevailing party," and Section 3348 provides that where a party appears in a representative capacity the costs must be charged upon the estate unless the court, for reasons there stated, directs otherwise. The judgment for costs against the defendant Ruth McKean is therefore erroneous and cannot prevail.

The judgment for costs against Ruth McKean is therefore reversed, and in all other respects the judgment of the lower

court is affirmed. The case is remanded to the district court, with directions to set aside the judgment for costs against Ruth McKean and to enter judgment for costs as provided in Section 3348. Neither party to recover costs in this court.

STRAUP, C. J., and McCARTY, J., concur.