## HARRIS v. SPEIRS.

No. 3302.    Decided January 15, 1920.    (186 Pac. 445.)

1.  NEW TRIAL—COURT MAY MAKE ORDER CONDITIONAL ON REMISSION OF PART OF DAMAGES. In an action for damages, where court grants a motion for new trial on the ground that the judgment is excessive, it may, in its discretion, provide that no new trial will be allowed if within a certain time the plaintiff shall consent to remission of a certain portion of the damages. (Page 479.)

2.  NEW TRIAL—COURT MAY GRANT EXTENSION OF TIME TO CONSENT TO REMISSION OF DAMAGES. Where court ordered "that a new trial be granted unless the plaintiff, within twenty days from date, consents to a remission of the verdict in the sum of $2,000," it could, in its discretion, extend the time within which plaintiff might make an election, under Comp. Laws 1917, section 7023.[1]    (Page 479.)

3.  NEW TRIAL—PLAINTIFF, EJECTING TO REMIT DAMAGES UNDER CONDITIONAL ORDER GRANTING NEW TRIAL, MUST GIVE NOTICE TO COURT AND DEFENDANT. Where court denies a new trial, except on the ground of excessive damages, and orders a new trial, unless a remission of a certain amount of damages is made within a certain time, plaintiff, if electing to remit damages, must make the election known both to the court and to the defendant. (Page 479.)

---

[1] *Luke* v. *Coleman*, 38 Utah, 383, 113 Pac. 1023, Ann. Cas. 1913B, **483.**

Appeal from Third District.

4. NEW TRIAL—EXTENSION OF TIME TO ELECT AS TO GRANT OF NEW TRIAL ON CONDITION OF REMITTITUR PROPER. Where court denied a new trial except. on the ground of excessiveness of damages, ordering that new trial be granted unless within twenty days the plaintiff remit a certain amount of the damages, and plaintiff failed to elect within the twenty days, and the order became absolute, the court thereafter could extend the time for making the election, under Comp. Laws 1917, section 6619, where the failure to elect was due to inadvertence and excusable neglect. (Page 480.)

5. NEW TRIAL—COURT MAY PERMIT PLAINTIFF TO REMIT IN COMPLIANCE WITH CONDITIONAL ORDER THOUGH ORDER HAD BEEN MADE ABSOLUTE. Where court denied motion for new trial, except on ground of excessiveness of damages, and ordered a new trial, unless plaintiff remit a certain amount of damages within twenty days, and at the end of twenty days ruled that the conditional order had become absolute, the court could thereafter permit plaintiff to remit, under Comp. Laws 1917, section 6619, where it entered the order, declaring the former order absolute, inadvertently, without considering the merits of plaintiff's application for an order denying the motion for a new trial upon the grounds of excusable neglect and inadvertence." (Page 481.)

6. APPEAL AND ERROR—NO REVERSAL FOR IRREGULARITIES IN PROCEEDINGS ON MOTION FOR NEW TRIAL. Where the appealing party does not complain of any error occurring at the trial, and it is not claimed that he did not have a fair trial, no irregularity in the proceedings on the motion for new trial culminating in a denial of such motion would be sufficient to authorize a reversal, provided the court had jurisdiction to make the rulings complained of, in view of Comp. Laws 1917, sections 6622, 6968. (Page 482.)

Appeal from District Court of Salt Lake County, Third District; *H. M. Stephens,* Judge.

Action by Florence Harris against Ernest Speirs.

Judgment for plaintiff, and defendant appeals.

AFFIRMED.

[2] *Felt* v. *Cook,* 31 Utah, 299, 87 Pac. 1092; *Tooele Imp. Co.* v. *Hoffman,* 44 Utah, 532, 141 Pac. 744; *Moyle* v. *McKean,* 49 Utah, 93, 162 Pac. 63.

*Olson & Lewis,* of Salt Lake City, for appellant.

*Marioneaux,· Straup, Stott &· Beck,* of Salt Lake City, for respondent.

FRICK, J.

The facts material to this appeal, in substance, are: The plaintiff commenced this action in the district court of Salt Lake county in December, 1915, praying judgment against the defendant for damages for breach of promise to marry. Defendant answered the complaint by a general denial. The case was tried to a jury, which, on May 3, 1917, returned a verdict in favor of plaintiff for $5,000 damages. Judgment was duly entered on the verdict. The defendant, in due time, served notice of motion for a new trial upon the usual statutory grounds, among which was the ground that the damages allowed were excessive. The motion for a new trial was argued and submitted to the court on June 28, 1917. On October 5th following, the court overruled the motion for a new trial upon all grounds except that the damages awarded by the jury were excessive, and upon that ground, and on that date, entered an order "that a new trial be granted, unless the plaintiff within twenty days from date consents to a remission of the verdict in the sum of $2,000, thus reducing the verdict to the sum of $3,000." On October 20, 1917, plaintiff, through her attorneys, applied for and was given an extension of "fifteen days additional time within which to make an election on motion in the order granting a new trial." Thereafter, on November 10, 1917, counsel for plaintiff, for reasons then stated to the court, obtained an additional fifteen days time "in which to make an election in said case." Thereafter, on November 23, 1917, plaintiff, through her attorneys, served a notice in writing upon defendant's counsel, stating therein that the plaintiff had elected to remit the sum of $2,000 from the verdict theretofore returned, and in said notice further notified counsel that plaintiff's attorneys would apply to the court for an order denying the motion for a new trial thereto-

fore filed by the defendant. That application was resisted by
defendant's counsel, and on December 1, 1917, the plaintiff
was given until December 8th to file affidavits in support of
the application aforesaid. Thereafter, on December 6th. and
before the expiration of the time within which plaintiff had
to file affidavits, her counsel made an additional application
for leave to remit $2,000 from the verdict, which application
was made ''in pursuance of section 3005, Comp. Laws Utah
1907, and upon the additional grounds of excusable neglect
and inadvertence.'' The reasons for the application are set
forth at great length in the affidavit filed in support thereof.
We do not deem it necessary to set forth the facts stated in the
application. It is sufficient to state that, in view that the facts
were in effect conceded by reason of not having been ques-
tioned, they were ample to authorize the district court to
grant the relief applied for if it had jurisdiction to act. The
district court, however, without passing upon the merits of
the application and refusing to consider it, and upon the sole
ground that it had exceeded its power in granting an exten-
sion of time to plaintiff within which to make her election to
remit the $2,000 from the verdict and judgment, ruled that
the conditional order granting a new trial had by its terms
become absolute. Thereafter, upon a further application pur-
suant to said section 3005, and upon the grounds of inad-
vertence and excusable neglect, the court, on April 13, 1918,
made an order granting plaintiff leave to remit said $2,000
from the verdict and judgment theretofore returned and en-
tered in this case, and ordered that judgment be entered
against the defendant for the sum of $3,000 and costs. De-
fendant prosecutes this appeal from that judgment.

The only errors assigned are: (1) That the court erred in
granting plaintiff additional time on October 20, 1917, within
which to make her election to remit $2,000 from the verdict;
(2) that the court erred in granting plaintiff additional time
on November 10, 1917, for the purposes aforesaid; (3) that
the court erred in permitting plaintiff to remit $2,000; and
(4) that the court erred in entering judgment in favor of
plaintiff and against the defendant for the sum of $3,000.

In support of the first assignment it is insisted that the dis-. trict court exhausted its jurisdiction and power when it made the first order, granting plaintiff twenty days within which to remit $2,000 from the verdict. It is contended that when plaintiff omitted or failed to remit within the twenty days fixed by the court the conditional order of the court, granting a new trial unless the remission were made, became absolute on the expiration of the twenty days, and the court had no further jurisdiction in the matter except to proceed to try the case again. In support of their contention counsel cite *Luke* v. *Coleman,* 38 Utah, 383, 113 Pac. 1023, Ann. Cas. 1913B, 483; *Winningham* v. *Philbrick,* 56 Wash. 38, 105 Pac. 144; *Brown* v. *Cline,* 109 Cal. 156, 41 Pac. 862; *Holtum* v. *Greif,* 144 Cal. 521, 78 Pac. 11. In *Luke* v. *Coleman* the question involved was this: The district court had denied a motion for a new trial on the 28th day of October. On the 19th day of December following the plaintiff in the case filed a motion, asking the court "to grant a rehearing and reargument of plaintiff's motion for a new trial": (1) Because the court had erred in denying the motion; and (2) because the court had "attached undue weight to the verdict of the jury." What the plaintiff there asked was that the court should hear him again upon the same questions upon which he had already been heard. In other words, all that was asked was that the court review its own former ruling without assigning any cause or reason except that the court had erred. It was accordingly held that the court had exhausted its power in denying the motion for a new trial, and that it did not have the power to review its own rulings upon the sole ground that it had erred in making them. Such is also the effect of the decisions in the cases cited from Washington and California. The only similarity between the cases just referred to and the case at bar is that here, as in those cases, a motion for a new trial was involved. The question presented by appellant's first assignment is therefore manifestly not the same as was the question presented and decided in *Luke* v. *Coleman* or in the Washington and California cases. The question raised by appellant's first assignment in this case is whether

the district court had the power to extend the time within which plaintiff was required to elect whether she would remit $2,000 from the amount awarded her as damages or whether she would submit to a new trial. No one does, or can, contend that the district court did not have the power to make the conditional order and in connection therewith to determine and fix the time within which plaintiff should be required to elect. Nor can anyone successfully dispute the proposition that the time plaintiff should be given to elect was not entirely within the sound legal discretion of the court. It could have fixed any reasonable time limit within which plaintiff should make the election. In view of that fact, why could not the court extend the time limit as originally fixed, on proper application being made for such an extension? In case where a court may fix a time limit within which a party to an action may do an act the determination of which is manifestly within the court's discretion, why has it not the inherent power to extend the time limit as first fixed? We confess our entire inability to perceive any reason why it may not do so. Assuming, however, that the court did not have inherent power to extend the time as fixed in the conditional order, it certainly had the power to do so under Comp. Laws Utah 1917, section 7023, which was in full force and effect when this case was tried and the proceedings therein had. That section, among other things, provides that in "* * * the service or filing of notices other than of appeal, the time allowed by this Code may be extended," etc. Extensions of time by the trial courts when timely application was made have so often been approved by this court that the practice has become elementary. When, therefore, the trial court imposed the duty on plaintiff to elect within twenty days whether **1-3** she would remit $2,000 from the verdict and judgment as entered or suffer a new trial, she was compelled to make her election known, both to the court and to the defendant. The manner of making it known naturally was by the service of a notice to that effect, precisely as was done by plaintiff's attorneys. Why such a notice does not come within the provisions of section 7023 we are unable to perceive.

True, the time fixed by the court within which plaintiffs must elect was not a time limit fixed by a statute. If, however, the court may extend the time limit fixed by statute, why may it not also extend the time limit which was originally fixed by the exercise of its own discretion? If it be said, however, that the notice in this case is not within the literal terms of section 7023, yet it is clearly and manifestly within its spirit. It has been held, under a statute precisely like section 7023, that the time limit fixed by the trial court within which an act was required to be performed by a party to the proceeding in ordering a new trial could be extended by the court. *Dickinson* v. *Smith*, 139 Wis. 1, 120 N. W. 406. The same court also held that relief may be granted in such a case under a section similar to Comp. Laws Utah 1917, section 6619, to which more particular reference will be made hereinafter. *Guaranteed Inv. Co.* v. *Van Metre*, 158 Wis. 262, 149 N. W. 30, Ann. Cas. 1916E, 554. We are of the opinion, therefore, that the first assignment of error cannot prevail.

It is next assigned as error that the court erred in granting another extension on November 10, one day after the previous extension had terminated. The record, however, shows that that extension was made upon a showing of inadvertence and excusable neglect. By doing that, therefore, the discretion and power of the court were invoked under          4 section 6619, supra, which in express terms provides that a court may grant relief in case of "mistake, inadvertence, surprise or excusable neglect." While the showing upon that application was not as full and complete as it could have been made, as appears from the supplementary affidavits of counsel, yet the showing was sufficient to invoke the discretion and power of the court to act, and it acted upon such showing. This assignment must therefore also fail.

It is next contended that the court erred in granting plaintiff's application to remit $2,000 from the verdict and judgment as originally entered. That application was also made pursuant to section 6619, and the facts, showing why the election by the plaintiff was not made within the time limit originally fixed by the court, and her excuse for not electing and

why no prejudice resulted to the appellant by the delay, were full and complete. The statement of facts made was neither questioned nor disputed. True, the court, for the reasons hereinbefore stated, had ruled that plaintiff's election came too late. That ruling was, however, inadvertently made, and without considering her application upon merits. When the court's attention was directed by plaintiff's counsel to the fact that it had acted inadvertently and had ignored the fact that plaintiff's application was in fact based upon the provisions of section 6619, the court set aside the ruling it had thus inadvertently made, and granted the relief prayed for pursuant to said section. We know of no case wherein it was held that the court's action in that regard was without jurisdiction or even improper. Indeed, the Supreme Courts of both California and Washington, upon whose decisions appellant relies, as we have seen, have held that where the application for relief is based upon section 6619, which corresponds to section 473 of the California Code of Civil Procedure, and to section 4953 of Ballinger's Code of Washington, the rule laid down in the cases of *Winningham* v. *Philbrick* and *Holtum* v. *Greif* and *Brown* v. *Cline* does not apply. See *Frost* v. *Los Angeles Ry. Co.*, 165 Cal. 365, 132 Pac. 443, and *Little Bill* v. *Dyslin,* 51 Wash. 675, 99 Pac. 1026. In referring to an order granting a new trial upon the condition that the prevailing party remit a specified amount from the verdict Mr. Justice SHAW of the Supreme Court of California, in *Frost* v. *Los Angeles Ry. Co.*, supra, says "after such an order is made, the court below has no power to change it, *except by proceedings taken under section 473 of the Code of Civil Procedure.* * * *" (Italics ours.) Section 473, referred to, corresponds to our section 6619. To the same effect is the holding of the Washington Supreme Court in the case last referred to from that state. While in those cases the rule laid down in *Luke* v. *Coleman* is adhered to, yet that rule is limited to cases where no application for relief is made pursuant to section 6619. The very courts, therefore, upon whose decisions the opinion in *Luke* v. *Coleman* is based, and upon which appellant relies, clearly au-

thorize the proceedings had in and the ruling that was made by the district court in this case. While we firmly adhere to the rule laid down in *Luke* v. *Coleman* when limited to the facts and circumstances of that case, yet we say without hesitation that if that decision shall be held to mean what appellant contends for, it would have to be modified, since to thus construe it would disregard and nullify the provisions of section 6619. It has uniformly been held by this court that where a time limit fixed by the statute or by the order of court expired without obtaining an extension, relief may, nevertheless, be had under section 6619. For illustrative cases see *Felt* v. *Cook*, 31 Utah, 299, 87 Pac. 1092, *Tooele Imp. Co.* v. *Hoffman*, 44 Utah, 532, 141 Pac. 744, and *Moyle* v. *McKean*, 49 Utah, 93, 162 Pac. 63.

What has been said also disposes of the other two assignments. We remark that while the proceedings on the motion for a new trial in this case were irregular, yet the district court clearly acted within its power and jurisdiction in granting relief to plaintiff, and in view that it is not contended that errors of law or other irregularities occurred at the trial, and as found by the district court, and that the only defect in the proceedings was that in the judgment of the district court the jury had awarded plaintiff more damages than it thought she should have, which defect was fully cured by the remittitur, it would almost be a travesty of justice to deprive her of the right to enforce her judgment. Moreover, in view that no errors are complained of except the somewhat technical ones herein considered, this court may not reverse the judgment. We have frequently called attention to Comp. Laws Utah, sections 6622, 6968, the first of which provides that the courts must "disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect"; and the second of      6 which provides "no exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting." In view of those sections, and under the decisions of this court, it would be a

difficult matter to find a good reason for reversing a judgment where the appealing party does not complain of any error occurring at the trial, and where it is not claimed that he did not have a fair trial. It would seem that under such circumstances, if the court had jurisdiction to make the ruling complained of, no irregularity in the proceeding on the motion for a new trial culminating in the denial of such motion could be sufficient to authorize a reversal of the judgment by this court.

For the reasons stated the judgment should be, and it accordingly is, affirmed, with costs to plaintiff.

CORFMAN, C. J., and GIDEON and THURMAN, JJ., and MORGAN, District Judge, concur.

WEBER, J., being disqualified, did not participate herein.